## A10A1813. WADE v. THE STATE.
### (701 SE2d 214)

BLACKBURN, Senior Appellate Judge.

Following a jury trial, Nathan Wade was convicted of a single count each of possession of cocaine,[1] possession of marijuana,[2] and two counts of possession of drug-related objects.[3] He now appeals from the denial of his motion for a new trial, arguing that the evidence was insufficient to sustain his conviction for possession of cocaine. Discerning no error, we affirm.

> In determining the sufficiency of the evidence to sustain a criminal conviction, we view the record in the light most favorable to the verdict, and without affording the defendant a presumption of innocence. We determine only whether the evidence authorized the jury to find the defendant guilty beyond a reasonable doubt, and in doing so we neither weigh that evidence nor judge the credibility of the witnesses.

(Citation omitted.) *Culver v. State.*[4]

So viewed, the record shows that on October 1, 2002, a narcotics

---

[1] OCGA § 16-13-30 (a).

[2] OCGA § 16-13-30 (j) (1).

[3] OCGA § 16-13-32.2 (a).

[4] *Culver v. State*, 290 Ga. App. 321, 321 (659 SE2d 390) (2008).

detective with the Douglasville Police Department made a traffic stop of a car driven by Wade. Wade exited the vehicle and spoke with the officer, telling him that he and his passenger, who was Wade's nephew, were returning to their homes in Alabama after visiting Wade's sister in Atlanta. In response to the officer's request, Wade produced a driver's license and stated that his automobile registration was in the car's glove compartment. With Wade's permission, the officer returned to the car to retrieve the registration. When Wade's nephew opened the car door, the officer detected the scent of burnt marijuana coming from the car's ashtray and from the nephew's person. Therefore, after retrieving the car's registration, the officer questioned Wade about whether he had any marijuana in the car. Wade stated that he did not have any drugs, and the officer asked for and received Wade's permission to search the car. That search revealed a brown paper bag, located between the driver and front-passenger seats, which contained two packages of small, clear plastic bags, commonly used for packaging narcotics for resale. This discovery led the officer to ask Wade if his nephew had come to Atlanta to purchase crack cocaine. When Wade responded affirmatively, the officer went back to the nephew, told him what Wade had said, and asked him to give the officer the drugs. The nephew, who was blind, then allowed the officer to search him, and the officer removed six bags of marijuana and fourteen pieces of individually-packaged crack cocaine from the nephew's pockets. Police thereafter arrested both Wade and his nephew.

While transporting the men to jail, the officer explained to them that entering jail in possession of contraband was a felony, and they should tell him if they had any additional contraband on their persons. Wade then admitted to having a bag of marijuana in his pocket, and his nephew admitted to having a scale, used to weigh drugs, in his sock.

After arriving at the police station, officers recovered $241 in cash from the nephew, who told them that $200 of that money belonged to Wade. The nephew further stated that, as the police initiated the traffic stop of Wade's car, Wade handed him the cash and the drugs that were found on the nephew.

Both Wade and his nephew were charged with a single count each of possession of cocaine with intent to distribute and possession of marijuana with intent to distribute and with two counts of possession of drug-related objects. The nephew entered into a plea agreement under which he received a reduced sentence in exchange for his testimony against Wade. At trial, the nephew testified that he and Wade had traveled to Atlanta for the purpose of procuring drugs and that together they had successfully purchased the narcotics that police recovered from the nephew. After completing the purchase,

Wade handed the drugs to his nephew, who took physical possession of them. The nephew further stated that it was his cash police recovered from him, and that he had lied when he told police that $200 of that money belonged to Wade.

Wade testified in his own defense and stated that he and his nephew had come to Atlanta to visit his sister, who was also the nephew's aunt. While at Wade's sister's house, the nephew "left for a while," but Wade did not know if he left with anyone or where he went. Wade denied any knowledge of the drugs or how his nephew came into possession of them, and he further denied telling officers that he had such knowledge.

With respect to the charges of possession with intent to distribute, the jury found Wade guilty of the lesser included offenses of possession of marijuana and possession of cocaine. They also found him guilty of both counts of possessing drug-related objects. After his conviction, Wade filed a motion for a new trial, which was denied. This appeal followed.

Wade asserts that the evidence was insufficient to sustain his conviction for possession of cocaine, because the cocaine was found on the nephew's person and there was no evidence that Wade had purchased or even touched the cocaine. We disagree.

> With respect to [Wade's] challenge to the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In determining that question, we consider the inferences that can be logically derived from the evidence presented at trial. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Punctuation omitted.) *Jackson v. State*.[5]

Under Georgia law, "[e]ven if a person does not directly commit the crime, a person who intentionally aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime may be convicted of the crime as a party to the crime." (Punctuation omitted.) *Green v. State*.[6] See OCGA § 16-2-20 (b). A defendant's "presence, companionship, and conduct before and after the offense are circumstances from which

---

[5] *Jackson v. State*, 301 Ga. App. 863, 864-865 (690 SE2d 195) (2010).
[6] *Green v. State*, 298 Ga. App. 17, 20 (1) (679 SE2d 348) (2009).

[his] participation in the criminal intent may be inferred." (Punctuation omitted.) *Martinez v. State.*[7] "And where transactions involving relatives are under review, slight circumstances are often sufficient to induce a belief that there was collusion between the parties." (Punctuation omitted.) Id. at 74 (1).

The evidence below established that Wade had driven his nephew to Atlanta for the purpose of purchasing drugs and had then helped him negotiate the purchase of both the marijuana and the cocaine. The conclusion that Wade had assisted his nephew in his efforts to possess the cocaine was strengthened by the fact that the nephew was blind — i.e., the nephew could not have driven himself to locate the drugs, and he could not have completed the purchase by himself. Thus, the evidence was sufficient to support Wade's conviction as a party to the crime of possession of cocaine. *Waters v. State*[8] (defendant, who knew he was transporting a co-defendant carrying methamphetamine, was party to the crime of possession of the contraband); *Sherrer v. State*[9] (though not in actual possession of the contraband, defendant was shown to be actively involved in a criminal enterprise to possess methamphetamine); *Jackson v. State*[10] ("one who acts as the conduit or intermediary through which a drug sale takes place is a party to that crime").

Moreover, the mere fact that Wade testified he had no knowledge of the drugs did not require the jury to acquit him. "Where the State and defendant present conflicting evidence at trial, those conflicts are for the jury to resolve." *Culver*, supra, 290 Ga. App. at 323. "Obviously, the jury in this case opted to believe the State's witnesses and apparently resolved any conflicts in the testimony adversely to [Wade]." (Punctuation omitted.) *Jackson*, supra, 301 Ga. App. at 865. Accordingly, because the evidence was sufficient to sustain Wade's conviction as a party to the crime of possessing cocaine, the trial court did not err in denying his motion for a new trial.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED SEPTEMBER 2, 2010.

*Lawrence W. Daniel*, for appellant.

---

[7] *Martinez v. State*, 303 Ga. App. 71, 73 (1) (692 SE2d 737) (2010).

[8] *Waters v. State*, 280 Ga. App. 566, 567 (634 SE2d 508) (2006).

[9] *Sherrer v. State*, 289 Ga. App. 156, 159-160 (2) (656 SE2d 258) (2008).

[10] *Jackson v. State*, 259 Ga. App. 108, 110 (576 SE2d 85) (2003).

*David McDade, District Attorney, W. Thomas Weathers III, James A. Dooley, Assistant District Attorneys*, for appellee.