**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 6, 2015**

# In the Court of Appeals of Georgia

A14A1820. HUNTLEY v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Clemon Huntley was convicted of sale of cocaine, distributing cocaine near a school and distributing cocaine near a park. He appeals, challenging the sufficiency of the evidence and the effectiveness of his trial counsel. However, there was enough evidence to support the jury's verdict of guilt beyond a reasonable doubt and Huntley has not shown that his trial counsel's performance was both deficient and prejudicial. Accordingly, we affirm.

1. *Sufficiency of the evidence.*

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this [c]ourt determines evidence sufficiency and does not weigh the evidence or determine witness credibility. Resolving evidentiary conflicts and

inconsistencies, and assessing witness credibility, are the province of the factfinder, not this [c]ourt. As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this [c]ourt will uphold the jury's verdict.

*Stillwell v. State*, 329 Ga. App. 108 (764 SE2d 419) (2014) (citation omitted).

So viewed, the evidence shows that on November 29, 2010, Huntley drove his friend Kevinall Wheeler to and from two drug transactions. Police used a confidential informant to set up the purchases of cocaine from Wheeler. At approximately 2:30 in the afternoon, Huntley drove Wheeler to the site of the arranged drug sale, which was less than 1,000 feet from both a public park and school. The confidential informant came to the driver's side window of the car, where Huntley was sitting. The transaction took place directly in front of Huntley, as Wheeler passed the drugs across Huntley's body to the informant in exchange for money. Huntley then drove Wheeler away from the scene of the drug sale. A short time later, Wheeler contacted the confidential informant and offered to sell him more cocaine. Huntley then drove Wheeler to the same location as the first transaction, Wheeler again sold cocaine to the confidential informant, after which Huntley drove Wheeler away from the transaction site.

2

Huntley argues that the evidence is insufficient to support his convictions because Wheeler is the person who directly sold cocaine to the confidential informant. However, the evidence was sufficient to show that Huntley was a party to the crimes.

> A participant to a crime may be convicted although he is not the person who directly commits the crime. A person who intentionally aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime may be convicted of the crime as a party to the crime. Mere presence at the scene is not sufficient to convict one of being a party to a crime, but criminal intent may be inferred from conduct before, during, and after the commission of a crime.

*Burks v. State*, 268 Ga. 504, 505 (491 SE2d 368) (1997) (citations omitted). "Whether [Huntley] was a party to the crimes and aided and abetted [Wheeler] in the [commission of the drug offenses] . . . is a jury question. Here, the record contains evidence from which a jury could find that [Huntley] was the . . . driver for [Wheeler to get to and from the drug transactions], and thus, was a party to the crimes." *Buruca v. State*, 278 Ga. App. 650, 652 (1) (629 SE2d 438) (2006) (citations omitted). See also *Thornton v. State*, 292 Ga. 87, 88 (2) (734 SE2d 393) (2012) (evidence sufficient to prove defendant, as driver of getaway vehicle, was party to the crimes of armed robbery and burglary); *Wade v. State*, 305 Ga. App. 819, 822 (701 SE2d 214) (2010)

3

(evidence sufficient to support conviction as a party to the crime of possession of cocaine where defendant drove his nephew to location for purpose of purchasing drugs); *Head v. State*, 261 Ga. App. 185, 187 (1) (582 SE2d 164) (2003) (affirming defendant's conviction as a party to the crime of burglary where defendant drove perpetrator to and from the burglary scene).

2. *Ineffective assistance of counsel.*

Huntley claims that his trial counsel was ineffective in failing to move for a directed verdict based on insufficient evidence, in failing to object to the admissibility of videotapes of the drug transactions, and in failing to advise Huntley of the law regarding party to a crime. To prevail on such claims, Huntley "was required to show both that his counsel's performance was professionally deficient and that but for counsel's unprofessional conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Hill v. State*, 291 Ga. 160, 164 (4) (728 SE2d 225) (2012) (citations and punctuation omitted). However, Huntley has not made these showings.

a. *Failure to move for directed verdict.*

As for counsel's failure to move for a directed verdict, "we determined in Division 1 [that] the evidence was sufficient to support the jury's verdict. [Thus, t]he

4

failure to raise a meritless motion for a directed verdict, as a matter of law, is not ineffective assistance of counsel." *Hendrix v. State*, 328 Ga. App. 819, 821 (2) (a) (762 SE2d 820) (2014) (citation and punctuation omitted).

b. *Failure to object to videotape evidence.*

Counsel testified at the motion for new trial hearing that she did not object to the videotapes of the drug transactions because the defense strategy was not to deny that the transactions took place, but to show that Huntley was merely present at the scene and did not participate in the transactions. She explained that "there was never any issue or part of our defense that a transaction had not taken place. It was simply that Mr. Huntley was completely not involved in it." Such decisions regarding when and how to raise objections are generally matters of trial strategy. *Sowell v. State*, 327 Ga. App. 532, 540 (4) (a) (759 SE2d 602) (2014). And "as a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001) (citation and punctuation omitted).

c. *Failure to explain law of party to a crime.*

Contrary to Huntley's claim, his trial attorney testified that she thoroughly explained the concept of party to a crime to him, that every time they talked she

informed him how he could be convicted as a party to the crimes, and that Huntley "understood party to a crime." Indeed, Huntley himself acknowledged at the motion for new trial hearing that his counsel discussed the concept of party to a crime with him.

On appellate review of an ineffective assistance claim, we must accept the trial court's factual findings and credibility determinations unless clearly erroneous. *Hill*, supra. Because there was ample evidence to support a finding that trial counsel fully explained the law of party to a crime to Huntley, we "find no error in the trial court's rejection of [Huntley's] claim of ineffective assistance. [Cit.]" Id.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*