**THIRD DIVISION**
**GOBEIL,**
**COOMER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 30, 2019**

# In the Court of Appeals of Georgia

A18A1584. MAHONE v. THE STATE.

GOBEIL, Judge.

Following a jury trial, Deron M. Mahone was convicted in Muscogee County Superior Court of home invasion in the first degree, aggravated assault, and assault on an unborn child. Mahone now appeals from the denial of his motion for a directed verdict on the home invasion count, arguing that the evidence was insufficient to support a conviction on that charge. We agree, and we therefore reverse Mahone's conviction for home invasion in the first degree and remand for resentencing.

"On appeal from a criminal conviction, the defendant is no longer entitled to a presumption of innocence and we therefore construe the evidence in the light most favorable to the jury's guilty verdict." _Maddox v. State_, 346 Ga. App. 674, 675 (816 SE2d 796) (2018) (citation and punctuation omitted). So viewed, the record shows

that on the morning of June 12, 2015, Mahone broke into the apartment of his ex-girlfriend, Sheaneria Willis, by kicking in the apartment's front door. Mahone proceeded up the apartment's stairs to a bedroom, where Willis was attempting to call 911. Once Mahone reached the bedroom, he assaulted Willis with a clothes iron he found in the apartment. He beat Willis with such force that the iron broke into several pieces. . Additionally, Mahone kicked Willis, who at the time was six months pregnant with his child, in the ribs and genital area. After beating Willis unconscious, Mahone apparently left the apartment. When Willis regained consciousness, she fled to the apartment of a neighbor, who called 911. Willis was transported to the hospital, where she was treated for one or more orbital fractures, a broken arm and hand, a large facial laceration, multiple fractured ribs, and a placenta bleed.

Mahone was eventually arrested and indicted on a single count each of home invasion in the first degree, aggravated assault, and assault on an unborn child. The count charging Mahone with home invasion alleged that:

> on or about the 12th day of June, 2015, without authority and with intent to commit aggravated assault, a forcible felony, therein and *while in possession of an iron*, an instrument which, when used offensively against a person, is likely to result in serious bodily injury, *did enter* the dwelling house of Shenearia Willis while such dwelling house was

occupied by said Shenearia Willis, a person with authority to be present therein . . . .

(emphasis supplied).

At the close of the evidence, Mahone moved for a directed verdict on the charge of home invasion in the first degree, noting that the State had failed to prove that he was in possession of the iron at the time he entered Willis's apartment. The trial court denied the motion, finding that because Mahone broke into the apartment for the purpose of assaulting Willis, his entry was not complete until he located Willis in the apartment's bedroom and began the assault.

The jury found Mahone guilty on all of the charged counts. Following a sentencing hearing, the trial court entered judgment on the jury's verdict and sentenced Mahone to life imprisonment on Count 1 (home invasion in the first degree); 20 years' imprisonment on Count 2 (aggravated assault), and 12 months to serve on Count 3 (assault on an unborn child), with all sentences to run consecutively. Mahone now appeals the trial court's judgment.

1. Although Mahone does not contest the legal sufficiency of the evidence of his guilt as to the charges of aggravated assault and assault on an unborn child, in accordance with this Court's general practice, we have reviewed the record and

3

conclude that the evidence presented at trial authorized the jury to find Mahone guilty beyond a reasonable doubt of those crimes. See *Wade v. State*, 305 Ga. App. 819, 821 (701 SE2d 214) (2010) ("[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld"). See also OCGA § 16-5-21 (a) (defining aggravated assault); OCGA § 16-5-28 (b) (defining assault on an unborn child).

2. In his sole enumeration of error, Mahone contends that the evidence was insufficient to sustain his conviction for home invasion in the first degree. We agree.

The charging language of the indictment on the home invasion count tracked the language of OCGA § 16-7-5. That statute provides, in relevant part:

> A person commits the offense of home invasion in the first degree when, without authority and with intent to commit a forcible felony therein *and while in possession of* a deadly weapon or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury, *he or she enters* the dwelling house of another while such dwelling house is occupied by any person with authority to be present therein.

OCGA § 16-7-5 (b) (emphasis supplied).

In determining the scope of conduct covered by OCGA § 16-7-5, we "presume that the General Assembly meant what it said and said what it meant." *Deal v.*

*Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (citation and punctuation omitted). To that end, we afford the statutory text "its plain and ordinary meaning," and we read that text in the "most natural and reasonable way, as an ordinary speaker of the English language would." Id. at 172-173 (1) (a). Thus, where the statutory language is plain and unambiguous, we neither construe nor interpret that language; instead, we simply apply the statute as written. See *Abdulkadir v. State*, 279 Ga. 122, 123 (2) (610 SE2d 50) (2005). Indeed, "where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." Id. (footnote and punctuation omitted). See also *Gary v. State*, 338 Ga. App. 403, 409-410 (2) (790 SE2d 150) (2016) ("Both our constitutional system of government and the law of this State prohibit the judicial branch from amending a statute by interpreting its language so as to change the otherwise plain and unambiguous provisions thereof.")

The plain and unambiguous language of OCGA § 16-7-5 (b) makes clear that to commit the crime of home invasion in the first degree, a perpetrator must: (1) make an unauthorized entry into a legally occupied dwelling house; (2) do so with the intent to commit a forcible felony therein; and (3) do so while in possession of a

deadly weapon or other instrument capable of causing serious bodily injury.[1] In this case, however, the uncontroverted evidence showed that Mahone did not possess the iron he used in his assault of Willis at the time he entered the apartment. Instead, he found the iron after he made his unlawful entry. Accordingly, the State failed to prove an essential element of the crime of home invasion in the first degree. The trial court, therefore, erred when it denied Mahone's motion for a directed verdict on Count 1 of the indictment.

---

[1] The requirement that the perpetrator be in possession of a weapon at the time he enters the dwelling also applies to the crime of second degree home invasion.

> A person commits the offense of home invasion in the second degree when, without authority and with intent to commit a forcible misdemeanor therein *and while in possession of* a deadly weapon or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury, *he or she enters* the dwelling house of another while such dwelling house is occupied by any person with authority to be present therein.

OCGA § 16-7-5 (c) (emphasis supplied). As discussed more fully infra, it is the possession of a weapon at the time of an unauthorized entry into a dwelling that distinguishes the crime of home invasion from the crime of burglary. Burglary in the first degree requires only an unauthorized entry into an occupied or unoccupied residence with the intent to commit a felony or theft therein. See OCGA § 16-7-1 (b).

The State attempts to avoid this conclusion by arguing that the trial court's ruling is supported by the statutory definition of "dwelling" found in OCGA § 16-7-5. For purposes of the home invasion statute, the term "dwelling" is defined under the burglary statute, OCGA § 16-7-1. See OCGA § 16-7-5 (a). Thus, "dwelling" is defined as "any building, structure, or portion thereof which is designed or intended for occupancy for residential use." OCGA § 16-7-1 (a) (1). Focusing on the phrase "or portion thereof," the State argues that under the home invasion statute, an illegal entry occurs any time a separate portion of the dwelling is entered. The State therefore reasons that assuming Mahone located the iron after he entered the apartment but before he entered the bedroom in which Willis was located,[2] he committed home invasion when he entered the bedroom in possession of the iron. This argument fails for several reasons.

First, the State's position ignores the fact that the term "or portion thereof," as used in the definition of dwelling, does not refer to portions of the dwelling. Instead, it refers to that part of a building or structure in which a residence is located. Thus,

_____

[2] We note that there is no evidence in the record to support this assumption. Willis testified only that the iron belonged to her and that it had been located in the apartment. She did not specify where in the apartment the iron was located, leaving open the possibility that the iron was in the bedroom.

7

where a single building (such as an apartment building) contains multiple dwellings, an entry is made each time the threshold of an individual residential unit is crossed. See *Cordle v. State*, 345 Ga. App. 584, 585-586 (814 SE2d 569) (2018) (two separate burglaries occurred when the perpetrators entered two distinct businesses located in the same building; the businesses were separated by a wall and each had its own outside entrance). Moreover, the State's argument ignores relevant precedent. In cases applying the burglary statute, this Court has made clear that an unlawful entry into a dwelling house is complete once the perpetrator "breaks the plane of the structure . . . with the intent to commit a felony therein." *Meadows v. State*, 264 Ga. App. 160, 164 (3) (590 SE2d 173) (2003) (punctuation omitted). See also *Ford v. State*, 234 Ga. App. 301, 303 (1) (506 SE2d 668) (1998) (unauthorized entry occurred when the perpetrator "broke down the front door of the apartment"); *Hewatt v. State*, 216 Ga. App. 550, 551 (2) (455 SE2d 104) (1995) (unauthorized entry completed when the defendant attempted to crawl into the victim's home through a window, "thereby breaking the plane of the structure with a portion of his body").

Finally, in its attempt to have us construe OCGA §16-7-5 so as to make it encompass Mahone's conduct, the State fails to acknowledge well-established rules of statutory construction. As our Supreme Court has explained previously, "[a]ll

8

statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law." *McPherson v. City of Dawson*, 221 Ga. 861, 862 (148 SE2d 298) (1966) (punctuation omitted). Thus, OCGA § 16-7-5 "must be construed in connection with all of the other provisions of the criminal code." *Vines v. State*, 269 Ga. 438, 439 (499 SE2d 630) (1998). See also *Goldberg v. State*, 282 Ga. 542, 546-547 (651 SE2d 667) (2007) ("[i]t is a basic rule of construction that a statute . . . should be construed to make all its parts harmonize and to give a sensible and intelligent effect to each part, as it is not presumed that the legislature intended that any part would be without meaning") (citation and punctuation omitted).

In this case, there is another statutory provision – the burglary statute – that punishes the exact conduct the State is attempting to prosecute as home invasion. Under OCGA § 16-7-1, a person commits burglary in the first degree when "without authority and with the intent to commit a felony . . . therein, he or she enters . . . an occupied . . . dwelling house of another . . . ." OCGA § 16-7-1 (b). In a case such as this, therefore, the only thing distinguishing burglary from home invasion is the fact that home invasion requires the perpetrator to enter the residential dwelling while in

9

possession of a weapon. Accordingly, the State's proposed interpretation of the home invasion statute would render the burglary statute meaningless. Given that we may not presume "that the legislature intended that any part" of the criminal code to be without meaning, we decline to interpret OCGA § 16-7-5 so as to render the burglary statute inconsequential in circumstances where it was intended to apply.[3] *Goldberg*, 282 Ga. at 546-547. See also *Vines*, 269 Ga. at 439-440 (declining to extend the child molestation statute to encompass conduct that was not expressly mentioned therein and noting that two other statutes criminalized the conduct in question).

In light of the foregoing, we find that Mahone's unauthorized entry into Willis's apartment was completed when he broke down the apartment door and crossed the unit's threshold. Given that Mahone did not possess a weapon at the time he entered the apartment, we are constrained to reverse his conviction for home

---

[3] Implicitly acknowledging that Mahone's conduct constituted burglary and aggravated assault (rather than home invasion and aggravated assault), the State asserts in its brief that the evidence was sufficient to support Mahone's conviction for burglary, as a lesser included offense of home invasion. In doing so, the State implies that we should affirm Mahone's conviction for burglary. We cannot affirm a conviction, however, for a lesser included offense that was not charged to the jury. See *Rogers v. State*, 247 Ga. App. 219, 222 (4) (543 SE2d 81) (2000) ("[a] charge on a lesser included offense is waived in the absence of a written request" for such a charge) (citation and punctuation omitted); *Pearson v. State*, 216 Ga. App. 333, 334 (454 SE2d 205) (1995) (a jury cannot convict of a lesser included offense unless it is charged on the offense).

10

invasion in the first degree. The case is remanded for resentencing in accordance with this opinion.

*Judgment reversed and case remanded. Coomer and Hodges, JJ., concur.*