**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**April 30, 2020**

# In the Court of Appeals of Georgia

A20A0130. QUINN v. THE STATE.

McFADDEN, Chief Judge.

Bruce Quinn appeals from his conviction of distributing oxycodone, claiming that his trial counsel was ineffective. But Quinn has failed to show that counsel's performance was both deficient and prejudicial. So we affirm the judgment of conviction.

1. *Facts and procedural posture.*

Viewed in the light most favorable to the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that the Whitfield County Sheriff's Office used a confidential informant to arrange a controlled purchase of oxycodone pills. Quinn provided oxycodone pills to an accomplice and drove the accomplice to the arranged location, a restaurant parking lot. Upon arriving

at the parking lot, the accomplice got out of Quinn's truck and gave the informant 52 oxycodone pills supplied by Quinn in exchange for $385. The accomplice returned to Quinn's truck and turned all of the money over to Quinn, who then paid the accomplice $20 for his role in the drug transaction.

As Quinn drove away from the scene, officers stopped his truck. Officers searched Quinn and his vehicle, finding $365 of the marked money used for the drug transaction in Quinn's wallet and the other $20 in the accomplice's wallet. Officers also found Quinn in possession of a pill bottle that contained oxycodone pills identical to those sold to the informant.

Quinn and his accomplice were jointly indicted for distribution of oxycodone. The accomplice pled guilty to the charge and Quinn pled not guilty. Quinn was tried before a jury, which found him guilty of distributing oxycodone. The trial court imposed a thirty-year sentence, with ten years to be served in confinement and the remainder on probation. The trial court denied Quinn's motion for a new trial, and this appeal followed.

2. *Ineffective assistance of counsel.*

Quinn claims that his trial counsel was ineffective in failing to file a motion to suppress evidence of the money and pill bottle seized from his person, to request a

*Jackson-Denno*[1] hearing on the voluntariness of a statement he made to officers, to request a jury charge on mere presence, and to object to testimony about a "pill roundup." To prevail on his ineffectiveness claims, Quinn "must show that counsel's performance was deficient and that the deficient performance so prejudiced [him] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different." *Puckett v. State*, 342 Ga. App. 518, 525 (2) (804 SE2d 648) (2017) (citation omitted). Quinn has failed to show both deficient performance and prejudice.

(a) *Motion to suppress.*

"An appellate court evaluates counsel's performance from counsel's perspective at the time of trial. As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel. The decision of whether to file a motion to suppress is a matter of professional judgment[.]" *State v. Walker*, 350 Ga. App. 168, 172 (1) (828 SE2d 402) (2019) (citations and punctuation omitted).

> It is axiomatic that the failure to file a motion to suppress does not automatically constitute ineffective assistance of counsel. Rather, the defendant has the burden of making a strong showing in the trial court

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SCt 1774, 12 LE2d 908) (1964).

3

that the evidence would have been suppressed had a motion to suppress been filed. This is because it is not ineffective assistance of counsel to refrain from making a futile motion or filing a meritless motion to suppress.

Id. at 173 (2) (828 SE2d 402) (2019) (citations and punctuation omitted). Accord *Mosley v. State*, ___ Ga. ___ (4) (a) (838 SE2d 289) (2020) ("When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion.") (citation and punctuation omitted).

Quinn has failed to make such a showing. In his motion for new trial and on appeal, he argues that a motion to suppress would have been granted by the trial court because officers did not have a search warrant and the search-incident-to-arrest exception to the warrant requirement did not apply since the officers did not have probable cause to make an arrest. See *Lopez v. State*, 267 Ga. App. 532, 538 (6) (601 SE2d 116) (2004) ("During a lawful search incident to an arrest, an officer may, without a warrant, make a full search of the accused for the discovery and preservation of criminal evidence.") (citation and punctuation omitted). But contrary to Quinn's argument, the officers did have probable cause.

> The United States Supreme Court repeatedly has explained that probable cause to justify an arrest means facts and circumstances within

the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. Because probable cause deals with probabilities and depends on the totality of the circumstances, it is a fluid concept that is not readily, or even usefully, reduced to a neat set of legal rules. It requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. Probable cause is not a high bar.

*Westbrook v. State*, ___ Ga. ___ (2) (Case No. S19A1120, decided February 28, 2020) (citations and punctuation omitted).

In this case, as explained above, officers used a confidential informant to arrange the controlled purchase of oxycodone. Officers put the location of the arranged drug buy under surveillance and saw Quinn and his accomplice arrive at the location in a truck, saw the accomplice get out of the truck, saw the accomplice sell the oxycodone to the informant, saw the accomplice get back in the truck, saw the truck leave the scene of the drug transaction, and saw that Quinn was the driver of the truck when they stopped it.

These events, viewed from the standpoint of an objectively reasonable police officer, were "sufficient to authorize probable cause for a belief that both [Quinn, as

5

the driver,] and his confederate were involved in an illegal drug transaction before their arrest." *Jackson v. State*, 197 Ga. App. 154, 155 (397 SE2d 737) (1990). See *Huntley v. State*, 331 Ga. App. 42, 42-43 (1) (769 SE2d 757) (2015) (defendant aided and abetted the commission of drug transactions by driving an accomplice to and from the transactions); *Wade v. State*, 305 Ga. App. 819, 822 (701 SE2d 214) (2010) (defendant a party to the crime of possession of cocaine where he drove his nephew to certain location for the purpose of purchasing drugs). Because Quinn's claim that there was not probable cause for an arrest is without merit, it follows that trial "counsel was not ineffective for failing to file a meritless motion to suppress the drug-related evidence discovered in [Quinn's possession]." *Duncan v. State*, 346 Ga. App. 777, 784 (2) (815 SE2d 294) (2018) (citations omitted). See *Burrell v. State*, 301 Ga. 21, 25 (2) (d) (799 SE2d 181) (2017) (no showing of deficiency where defendant cannot show that motion to suppress would have been successful).

(b) *Jackson-Denno hearing.*

At the motion for new trial hearing, counsel testified that he did not request a *Jackson-Denno* hearing to challenge the admissibility of Quinn's statement because the theory of the defense was that Quinn did not have anything to do with the drug transaction and counsel wanted the jury to hear that Quinn had told officers at the

6

scene that he did not have anything to do with it. "Because the [statement denying involvement in the crime] was consistent with [the] defense, [counsel's decision to forego a *Jackson-Denno* hearing and admit the evidence] was a valid trial strategy." *Speziali v. State*, 301 Ga. 290, 296 (2) (d) (800 SE2d 525) (2017).

Moreover, Quinn "has made no showing that his statement[ was] involuntary and would have been excluded had a *Jackson-Denno* hearing taken place. Consequently, [Quinn] has not demonstrated that counsel's failure to request a *Jackson-Denno* hearing prejudiced him." *Bryant v. State*, 320 Ga. App. 838, 843 (4) (b) (740 SE2d 772) (2013).

(c) *Jury charge on mere presence.*

Quinn claims his trial counsel was ineffective in failing to request a jury charge on mere presence. But "[a]t the hearing on the motion for new trial, [Quinn's] new attorney did not ask trial counsel why he did not [make such a request]. In the absence of testimony to the contrary, counsel's actions are presumed strategic." *Holmes v. State*, 273 Ga. 644, 648 (5) (c) (543 SE2d 688) (2001) (citation and punctuation omitted). Indeed, "[d]ecisions as to which charges will be requested generally fall within the realm of trial tactics and strategy." *White v. State*, 308 Ga. App. 38, 44 (4) (706 SE2d 570) (2011) (citation and punctuation omitted). Quinn has thus "failed to

7

meet his burden to show that trial counsel's decision was not a reasonable trial strategy or that such a request would have affected the outcome of the trial. Accordingly, the trial court's finding that . . . trial counsel did not render ineffective assistance in this regard was not clearly erroneous." *Cruz v. State*, 305 Ga. App. 805, 812 (3) (e) (700 SE2d 631) (2010) (citation omitted).

(d) *Testimony about a pill roundup.*

Quinn contends that his trial counsel should have objected to irrelevant and prejudicial testimony about a "pill roundup" when a number of drug dealers were arrested on the same day. But the trial transcript reveals that counsel actually mentioned the pill roundup as part of the defense in his opening statement to the jury. And at the motion for new trial hearing, counsel explained that he wanted the evidence to show that the officers conducted such a pill roundup only to make news headlines because he believed the jury would not like such police conduct.

> Trial tactics and strategy, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them. And, reasonable decisions as to whether to raise a specific objection are ordinarily matters of trial strategy and provide no ground for reversal. . . . Given the context of this case, we cannot say that no reasonable attorney would have failed to object to this testimony.

*Hardin v. State*, 344 Ga. App. 378, 383 (1) (b) (810 SE2d 602) (2018) (citations and punctuation omitted).

Furthermore, given the overwhelming evidence of Quinn's guilt as set forth above, including the testimony of his accomplice and officers on the scene, Quinn "has failed to show that he was prejudiced by counsel's alleged deficient performance. Accordingly, his claim of ineffective assistance of counsel is without merit." *Taylor v. State*, 303 Ga. 583, 585 (2) (814 SE2d 302) (2018). See *Paschal v. State*, 335 Ga. App. 411, 416 (3) (780 SE2d 681) (2015) (in light of overwhelming evidence, defendant could not show prejudice prong of ineffective assistance claim).

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*