[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14752

Non-Argument Calendar

_____

DERON DEVAUGHN MAHONE,

Plaintiff-Appellant,

*versus*

STATE OF GEORGIA,
MUSCOGEE COUNTY GEORGIA,
COLUMBUS GEORGIA,
COLUMBUS POLICE DEPARTMENT,
CORPORAL CHRISTY PAPAY,
KYLE VAN NOY,
ZACHERY STEWART,
WESLEY LAMBERTUS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:19-cv-00117-CDL-MSH

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

This appeal presents the question whether a police officer who arrests a defendant pursuant to an arrest warrant is immune from suit for malicious prosecution. After Deron Devaughn Mahone broke into his pregnant girlfriend's apartment, kicked her, and beat her with a clothes iron, Officer Zachery Stewart of the Columbus Police Department obtained warrants to arrest Mahone for home invasion in the first degree, O.C.G.A. § 16-7-5(b), aggravated battery, *id.* § 16-5-24, and assault of an unborn child, *id.* § 16-5-28. A jury convicted Mahone of the three crimes, but the Court of Appeals of Georgia reversed his conviction for home invasion because he was not armed when he entered the dwelling. *Mahone v. State*, 823 S.E.2d 813 (Ga. Ct. App. 2019). Mahone filed an amended complaint against the State of Georgia, its prosecutor, Muscogee County, the city of Columbus, its police department,

and four of its officers for false arrest and malicious prosecution. 42 U.S.C. § 1983. But Mahone appeals only the dismissal of his claim of malicious prosecution by Officer Stewart and has abandoned his claims against the other defendants. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012). The district court ruled that the issuance of an arrest warrant gave the officer arguable probable cause to arrest Mahone for home invasion. We affirm.

On June 12, 2015, Mahone kicked in the front door of the apartment of his former girlfriend, Shenearia Willis, and strode upstairs to a bedroom where she was attempting to call 911. *Mahone*, 823 S.E.2d at 814. Mahone kicked Willis, who was six months pregnant with his child, in her ribs and privates. *Id.* Mahone used a clothes iron he found in the apartment to "beat Willis with such force that the iron broke into several pieces" and left her unconscious. *Id.* "Willis was transported to the hospital, where she was treated for one or more orbital fractures, a broken arm and hand, a large facial laceration, multiple fractured ribs, and a placenta bleed." *Id.* at 814–15.

Officer Stewart applied for warrants to arrest Mahone for home invasion in the first degree, O.C.G.A. § 16-7-5(b), aggravated battery, *id.* § 16-5-24, and assault of an unborn child, *id.* § 16-5-28. As to the first charge, the officer averred that Mahone committed home invasion by "unlawfully enter[ing] with the intent to murder victim Shenearia Willis" and "then pick[ing] up a clothes iron striking [her] in the face multiple times causing serious injuries all the

while stating that he was going to kill her." A judge issued the three warrants.

A grand jury in Georgia indicted Mahone for home invasion based on a statute enacted a year earlier. 2014 GA. LAWS 574. The new statute punished a perpetrator who entered a dwelling armed to harm an occupant:

> A person commits the offense of home invasion in the first degree when, without authority and with intent to commit a forcible felony therein and while in possession of a deadly weapon or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury, he or she enters the dwelling house of another while such dwelling house is occupied by any person with authority to be present therein.

O.C.G.A. § 16-7-5(b) (effective July 1, 2014).

At trial, Mahone moved, without success, for a directed verdict on the charge of home invasion. *Mahone*, 823 S.E.2d at 815. He argued that the State failed to prove that he entered Willis's apartment with the clothes iron. *Id.* The trial court ruled that, "because Mahone broke into the apartment for the purpose of assaulting Willis, his entry was not complete until he located Willis in the apartment's bedroom and began the assault." *Id.* The jury found Mahone guilty of home invasion, aggravated battery, and assaulting Willis's unborn child. *Id.* at 814.

Mahone succeeded on appeal in overturning his conviction for home invasion. The appellate court concluded that "Mahone's unauthorized entry into Willis's apartment was completed when he broke down the apartment door and crossed the unit's threshold" and that he "did not possess a weapon at the time he entered the apartment . . . ." *Id.* at 815–17. The appellate court acknowledged that Mahone committed a burglary in the first degree, *see* O.C.G.A. § 16-7-1, but it refused to affirm his conviction "for a lesser included offense that was not charged to the jury." *Mahone*, 823 S.E.2d at 817 & n.3. The appellate court affirmed Mahone's convictions for aggravated battery and for assaulting an unborn child. *See id.* at 815.

Mahone filed *pro se* a complaint, which he amended, that he was "falsely accused" and "maliciously prosecuted for a home invasion without evidence of such" by Officer Stewart. 42 U.S.C. § 1983. Officer Stewart moved to dismiss based on qualified immunity. He argued that "the probable cause determination . . . [of] the Muscogee County Recorder's Court Judge" who issued the warrants "provided arguable probable cause . . . for [Mahone]'s arrest" and defeated his argument that he was seized unlawfully.

The district court ruled that Officer Stewart was immune from suit. The district court determined that the officer misread a "statute . . . enacted less than a year before" that had yet to merit a published decision "explaining the elements of the crime." Officer Stewart's mistake in applying for a warrant to arrest Mahone for home invasion was reasonable, the district court reasoned, when

"two judges [also] believed that the language of the home invasion statute did not require possession of a weapon upon entry into the apartment."

We review *de novo* a dismissal based on qualified immunity. *Paez v. Mulvey*, 915 F.3d 1276, 1284 (11th Cir. 2019). We view the evidence and draw all factual inferences in favor of Mahone as the non-moving party. *Id.*

Law enforcement officers enjoy qualified immunity from civil damages for their discretionary acts when their conduct does not violate a federal statutory or constitutional right that was clearly established at the time of the challenged action. *Williams v. Aguirre*, 965 F.3d 1147, 1156 (11th Cir. 2020). To receive qualified immunity, an officer must prove he was performing a discretionary function. *Washington v. Howard*, 25 F.4th 891, 897–88 (11th Cir. 2022). Because Mahone does not dispute that Officer Stewart was performing a discretionary act when he applied for the arrest warrant, Mahone must prove that qualified immunity is not appropriate. *Id.* at 898.

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (internal quotation marks omitted). If an officer makes a "reasonable mistake in the legitimate performance of [his] duties [he] ought to be protected by qualified immunity." *Washington v. Rivera*, 939 F.3d 1239, 1249 (11th Cir. 2019) (internal quotation marks omitted). He

enjoys immunity from suit whether the "error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted).

To defeat Officer Stewart's claim of qualified immunity, Mahone "must prove that he suffered a seizure pursuant to legal process that violated the Fourth Amendment, and satisfy the elements of the common law tort of malicious prosecution." *Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020) (internal quotation marks and citations omitted). Because a claim of "[m]alicious prosecution . . . requires a seizure pursuant to legal process," *Aguirre*, 965 F.3d at 1158, Mahone must "prove that his arrest warrant was constitutionally infirm," *id.* at 1165. To invalidate his arrest warrant, Mahone must "establish[] either that [Officer Stewart] should have known that his application failed to establish probable cause or that [he] intentionally or recklessly made misstatements or omissions necessary to support the warrant." *See id.* (internal citations omitted). The officer's conduct must be more than "a mistaken belief on [his] part . . . ." *Aguirre*, 965 F.3d at 1165.

The Fourth Amendment protects "against unreasonable searches and seizures . . . ." U.S. CONST. amend. IV. "As th[at] text indicates . . ., the ultimate touchstone of the Fourth Amendment is reasonableness." *Heien v. North Carolina*, 574 U.S. 54, 60 (2014) (internal quotation marks omitted). "To be reasonable is not to be perfect, and so the Fourth Amendment allows for some mistakes on the part of government officials, giving them 'fair leeway for

enforcing the law in the community's protection.'" *Id.* at 60–61 (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)).

An officer's reasonable mistake of law—that is, when "the law turns out to be not what was thought"—can justify probable cause. *Id.* at 61–64. The officer "deserve[s] a margin of error" when "the application of a statute is unclear—however clear it may later become" when reviewed by a state court. *Id.* at 66. In that situation, the officer's misinterpretation of state law means "there was no violation of the Fourth Amendment in the first place." *Id.*

Officer Stewart made a reasonable mistake of law in thinking Mahone committed a home invasion. Officer Stewart had "a mistaken understanding of the scope of [the] legal prohibition" of the home invasion statute, O.C.G.A. § 16-7-5, when he applied for Mahone's arrest warrant. *See Heien v. North Carolina*, 574 U.S. at 60. Officer Stewart focused on the prohibition against entering an inhabited dwelling for an unlawful purpose and overlooked the requirement that the intruder be armed *when* he entered the dwelling. *See* O.C.G.A. § 16-7-5. That reading of the statute was objectively reasonable given that he was applying "the law the first time." *See Heien*, 574 U.S. at 66. As the district court stated, Officer Stewart did not have "the luxury[, as did the state appellate court] of being able to fully consider the statute in the calm of their judicial chambers." "In making probable cause decisions, law enforcement officers are not charged with knowing legal technicalities and nuances, but with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal

technicians, act.'" *Hutton v. Strickland*, 919 F.2d 1531, 1541 (11th Cir. 1990) (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)). So, it is understandable that the officer failed to discern, as the appellate court later did, that Mahone committed burglary instead of home invasion. *Mahone*, 823 S.E.2d at 817 & n.3.

Officer Stewart's mistake of law is all the more reasonable because a judge reviewed the facts and law and reached the same conclusion that probable cause existed for an arrest. Officer Stewart truthfully informed the judge that Mahone had "unlawfully entered with the intent to murder [her]" and "then picked up a clothes iron [to] strik[e] her . . . ." "[T]he fact that a neutral magistrate . . . issued a warrant is the clearest indication that the officer[] acted in an objectively reasonable manner" in charging Mahone for home invasion. *See Messerschmidt*, 565 U.S. at 546. Officer Stewart was entitled to rely on "the [judge]'s probable-cause determination because it [was] the [judge]'s responsibility to determine whether the officer's allegations establish[ed] probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment." *Id.* at 547 (internal quotation marks omitted and alteration adopted). Because Officer Stewart "fully and honestly place[d] evidence before the [judge], reasonably believing that there [was] probable cause, those procedural steps afford [him] a shield against a Fourth Amendment claim." *Howard*, 25 F.4th at 904.

That a prosecutor presented the charge of home invasion to a grand jury that returned an indictment against Mahone, who

then lost his argument for a directed verdict on the charge, further evidences the reasonableness of Officer Stewart's mistake. The prosecutor, "duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court," *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), sifted through the evidence and concluded that Mahone's conduct was a home invasion and the grand jury agreed. *Cf. Malley v. Briggs*, 475 U.S. 335, 338 (1986) (noting that drug charges were "dropped when the grand jury . . . did not return an indictment"). And the trial court, like those before it, misinterpreted the statute and rejected Mahone's argument that he had to enter the dwelling armed. *See Barts v. Joyner*, 865 F.2d 1187, 1193 (11th Cir. 1989) ("We cannot realistically expect that reasonable police officers know more than reasonable judges about the law."). The duplication of Officer Stewart's mistake by parties tasked to interpret and apply criminal statutes confirms that "officers of reasonable competence could disagree on this issue . . . [and] immunity should be recognized." *See Malley*, 475 U.S. at 341.

The district court did not err in dismissing Mahone's complaint against Officer Stewart. Officer Stewart possessed "a reasonable basis for believing that his affidavit establishe[d] probable cause." *See id.* at 343. Because Officer Stewart's mistake of law means "there was no violation of the Fourth Amendment in the first place," *see Heien*, 574 U.S. at 66, he enjoys immunity from suit.

We **AFFIRM** the dismissal of Mahone's amended complaint.