## A05A1162. BLACKWELL v. THE STATE.
### (618 SE2d 190)

JOHNSON, Presiding Judge.

Anthony Blackwell was indicted on charges of stalking, burglary, and three counts of aggravated assault. A jury found him guilty of burglary and three counts of aggravated assault. He appeals from the judgments of conviction entered on the verdict, urging that the trial court erred in admitting into evidence the "arsenal of firearms" found in his car at the time of his arrest for stalking. We affirm the convictions.

The state charged Blackwell with five offenses. In Count 1, the state accused him of stalking Natasha Goforth on April 10, 2003, by placing her under surveillance and contacting her at a residence on Highway 411 North, for the purpose of harassing and intimidating her. Count 2 alleged he burglarized the Old Highway 411 South home of Bobby Dixon on July 6, 2003. Count 3 alleged Blackwell committed an aggravated assault upon Bobby Dixon on July 6 by shooting him in the stomach, back and leg. In Count 4, the state accused Blackwell of committing an aggravated assault on Goforth on July 6 by firing a handgun in her direction. Count 5 accused Blackwell of committing an aggravated assault on David Walraven on July 6 by firing a handgun in his direction.

Viewed in a light most favorable to the verdict, the evidence shows that Goforth ended her relationship with Blackwell, her boyfriend of about five years, in April 2003.

On April 10, 2003, Goforth received a call from Blackwell. Goforth testified that she could tell by the way Blackwell was talking that he wanted to fight. Afraid of Blackwell, Goforth sought refuge at a friend's house on Highway 411 North. That morning, she looked outside of the friend's window and saw Blackwell's red Ford Mustang pull into the driveway. She was frightened because Blackwell had beaten her before and she knew he always carried a 9 mm pistol. She ran into a bathroom and called 911. She told police she needed help because Blackwell "had a gun and was going to shoot the home up." Blackwell got out of the car, knocked on the door, and eventually pulled out of the driveway.

Several officers responded to the call. When one of the officers arrived at the residence, he found that Blackwell had already left. As the officer left, he saw that another officer had stopped Blackwell's red Mustang on Highway 411. When this officer arrived at the stop, he observed Blackwell standing outside of his car with an officer, and a loaded 9 mm pistol lying on the driver's seat. Officers secured the gun and asked Blackwell if he had any other guns in the car. Blackwell stated that he did, then gave officers consent to search the car. In the trunk, officers found an SKS rifle loaded with a clip of

rounds, a bulletproof vest, a night vision scope, and a loaded 12-gauge shotgun. Blackwell said he kept the guns in his car because he did not want anyone to steal them from his home. Officers arrested Blackwell for stalking, and took possession of the weapons.[1]

The aggravated assault charges stemmed from an incident on July 6, 2003. Goforth and Blackwell had resumed dating. Goforth was visiting Bobby Dixon and Daniel Walraven when Blackwell broke in through Dixon's back door yelling and firing a handgun. The three hid in a utility closet, and Blackwell fired shots into the closet, striking Dixon in the abdomen. Blackwell fired additional shots as the three attempted to flee. Blackwell shot Dixon two more times in the back and once in the leg.

Blackwell maintains that the trial court erred in allowing the state to introduce into evidence a loaded 12-gauge shotgun and a loaded rifle found in his car on April 10, 2003, when those items were unrelated to the aggravated assault charges stemming from the July 6 incident, and when he was not charged with using any weapons in the April 10 stalking incident. In ruling on Blackwell's objection, the court stated that officers were authorized to search the car incident to the stalking arrest and to testify regarding what they found in the car while effectuating the arrest. We hold that the trial court did not abuse its discretion in admitting the evidence.

In general, all of the circumstances connected with a defendant's arrest are considered proper evidence to be submitted to the jury to be weighed by it for what they are worth.[2] Articles found in the control of the defendant at the time of his arrest are admissible as circumstances connected with the arrest.[3] Police found the weapons in Blackwell's car (after obtaining his consent to search) when they arrested him for stalking shortly after Goforth called police. The evidence was properly admitted as part of the circumstances connected with his stalking arrest.[4] This is true even though the admission of the evidence may show commission of another crime for which the defendant is not on trial.[5] There was no abuse of discretion.[6]

---

[1] As to the stalking charge, the indictment alleged that Blackwell "did follow, place under surveillance and contact [Goforth] . . . without her consent, for the purpose of harassing and intimidating" her.

[2] *Jefferies v. State*, 267 Ga. App. 694, 698 (2) (600 SE2d 753) (2004).

[3] *Kirk v. State*, 210 Ga. App. 440, 443 (1) (436 SE2d 553) (1993).

[4] See *Jefferies*, supra; *Kirk*, supra.

[5] See *Cauley v. State*, 137 Ga. App. 814 (3) (224 SE2d 794) (1976).

[6] The admission of evidence is discretionary with the trial court, and this Court will not interfere with that court's ruling absent abuse. *McLendon v. State*, 258 Ga. App. 133, 134-135 (2) (572 SE2d 763) (2002).

We note that we need not consider Blackwell's argument that evidence of the prior incident was not admissible as similar transaction evidence, inasmuch as the evidence was properly admitted as part of the circumstances of his arrest for the stalking charge for which he was also being tried. A ruling right for any reason will be affirmed.[7]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED JULY 26, 2005.

*Richard K. Murray*, for appellant.

*Kermit N. McManus, District Attorney, Barry S. Minter, Assistant District Attorney*, for appellee.

---

[7] See generally *Fetterolf v. State*, 223 Ga. App. 744, 747 (6) (478 SE2d 889) (1996).