**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 23, 2014**

# In the Court of Appeals of Georgia

A14A1193. STILLWELL v. THE STATE.

BARNES, Presiding Judge.

Following the denial of his motion for new trial, Herman A. Stillwell appeals his burglary conviction. On appeal, Stillwell contends that the trial court erred in refusing to instruct the jury on mistake of fact and trespass. Following our review, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.

(Footnotes and punctuation omitted.) *Skaggs-Ferrell v. State*, 266 Ga. App. 248 (1) (596 SE2d 743) (2004).

So viewed, the evidence shows that a neighbor observed a truck with a "Herman's Heating and Air" magnet on the tailgate pull up and stop at an unoccupied home located across the street that was on the market for sale. It is unclear from the record, and there is no testimony about whether there was a for sale sign posted in front of the home. The neighbor observed two men exit the truck, peer through the windows, and then enter the home through the garage. The men subsequently came out of the house, retrieved "stuff" from the truck and re-entered the vacant home. Several minutes later, he observed only one of the men exit the house, retrieve more tools, and again re-enter the house. The neighbor, who was viewing the scene through binoculars, testified that the man had retrieved screwdrivers, pliers and possibly a cordless drill. He called 911 to report his observations, and police were dispatched to the house.

When police arrived, they observed one of the men, later identified as Stillwell, standing near the rear corner of the house. The other man, Stillwell's brother, ran away when the police arrived. Stillwell told police that he was there because he was interested in buying the house. The police entered the house and discovered that the attic stairs were lowered and found multiple tools, including wire cutters, a cordless drill, a screwdriver, and channel locks, laid out on the floor at the top of the stairs.

They further observed that the heating unit in the attic had been disconnected and saw copper tubing and disconnected pipe lying nearby. The homeowner told police that he had not authorized a service call and that he did not know Stillwell or his brother. Stillwell was arrested and charged with burglary.

1. Stillwell contends that the trial court erred in failing to charge the jury sua sponte on the defense of mistake of fact. He maintains that the evidence supported the charge and that it was his sole affirmative defense.

It is undisputed that when Stillwell entered the property at issue it was for sale. Although Stillwell did not testify at trial, the arresting officer testified that Stillwell told him that he entered the property because he was interested in buying the house. Stillwell argues on appeal that this evidence was sufficient to find that he had mistakenly entered the house under the belief that it was open to anyone interested in purchasing the property.

"A person commits the offense of burglary when, [1] without authority and [2] with the intent to commit a felony or theft therein, he or she [3] enters or remains within an occupied, unoccupied, or vacant dwelling house of another[.]" OCGA § 16-7-1 (b). Mistake of fact represents an affirmative defense, under which "[a] person shall not be found guilty of a crime if the act … constituting the crime was induced

3

by a misapprehension of fact which, if true, would have justified the act or omission." OCGA § 16-3-5. Although Stillwell did not affirmatively request a charge on mistake of fact or object to the omission of the charge, "[t]he trial court must charge the jury on the defendant's sole defense, even without a written request, if there is some evidence to support the charge."(Citation and punctuation omitted.) *Price v. State*, 289 Ga. 459, 459 (2) (712 SE2d 828) (2011). Unlike the facts in *Price*, where there was conflicting testimony about whether the house was for sale, here it is uncontested that the house was for sale. Thus, in this case, Stillwell did not enter the house under a mistaken belief that if true, would have justified entry. Further, in *Price*, unlike here, the mistake of fact defense had nothing to do with whether or not Price had an intent to steal once he was inside, but only whether he was authorized to enter the house. "Mistake of fact is a defense to a crime to the extent that the ignorance of some *fact* negates the existence of the mental state required to establish a material element of the crime." (Emphasis supplied.) *Jones v. State*, 263 Ga. 835, 839 (2) (439 SE2d 645) (1994). While the evidence might support Stillwill's defense that he had mistakenly believed that he could enter the house with impunity because it was for sale, this was a mistake of law rather than a mistake of fact; namely that he could not be convicted of burglary if the house was for sale and potential buyers were

4

authorized to enter. We have consistently held that failure to give a charge on mistake of fact is not error where the evidence shows that a party has made a mistake of law. See *Turner v. State*, 210 Ga. App. 303, 304 (1) (436 SE2d 229) (1993); *Taylor v. State*, 233 Ga. App. 221, 222 (1) (504 SE2d 57) (1998) (although Taylor believed that the word "Reinstated" on the receipt from the Department of Public Safety reinstated his license, this was not misapprehension of a fact, but mistake of law). "It is axiomatic that everyone is presumed to know the law and ignorance thereof is not an excuse for its violation." *Taylor*, 233 Ga. App. at 222 (1). Thus, as Stillwell's defense was based on mistake of law rather than mistake of fact, the trial court did not err in failing to charge mistake of fact.

> Further, a conviction generally should not be reversed in any case . . . where the charge of the court fully and adequately covers the requisite elements of the crime charged, the requirement of criminal intent to commit the crime charged, and other material defenses thereto, and where a reasonable trier of fact could find from the evidence proof of guilt beyond a reasonable doubt. This is so because where the jury has heard the defense and has been properly charged as to the state's burden of proof, the elements of the crime and the requirement of criminal intent, and as to material defenses, a finding of guilt necessarily finds the requisite criminal intent and therefore negates any possibility that the jury, had it been charged mistake of fact, would have acquitted.

(Citations and punctuation omitted.) *Hall v. State*, 258 Ga. App. 156, 158 (2) (573 SE2d 415) (2002).

Here, the trial court charged the jury on the elements of the burglary charge, that Stillwell had a presumption of innocence, that the State had the burden to prove his guilt beyond a reasonable doubt, intent, knowledge of the commission of a crime, credibility and impeachment of witnesses, and also mere presence at the scene and mere association with others involved in a criminal act. Given the evidence of record and the charge given, we find that, even if a charge of mistake of fact had been required, any error in failing to give the charge was harmless.

2. Stillwell also contends that the trial court erred in refusing his requested charge on trespass. The trial court reasoned that the trespass charge was not warranted because

> there was no evidence that I could glean from my hearing of the case that would authorize a jury to find that the entry into the building was for anything other than an innocent entry to look at it, which I think anyone who's out looking for a house and the house is unlocked would go into. It's not a crime, I don't believe, unless so posted. I didn't see any evidence of that; and so, therefore, the only entry could be for a legitimate purpose or the purpose as charged in the indictment. There was no other evidence to sustain any wrongful conduct. So I will not give that charge.

6

OCGA § 16-7-21 (b) (1) provides that a person commits the offense of criminal trespass when he knowingly and without authority enters upon the land or premises of another for an unlawful purpose.

> We have held that the trial court must give a requested charge on criminal trespass as a lesser included offense of burglary where the testimony of the accused[,] if believed, would negate an element of the crime of burglary (entry with intent to commit a felony or theft). Specifically, where the accused *admits* the unauthorized entry but denies the intent to commit a felony or theft, the trial court must give a requested charge on the lesser included offense of criminal trespass.

(Citations and punctuation omitted; emphasis supplied.) *Hiley v. State*, 245 Ga. App. 900, 900-901 (539 SE2d 530) (2000). But, the trial court is not required to charge the jury on a lesser included offense when the evidence shows either the commission of the offense charged in the indictment, or the commission of no offense at all. *Anthony v. State*, 317 Ga. App. 807, 812 (3) (732 SE2d 845) (2012). "Furthermore, a charge on the lesser included offense of criminal trespass is not warranted in a burglary case where the defendant claimed to have been on the premises for a lawful purpose." Id.

Here, Stillwell presented evidence that the house was for sale and that he was at the house for a lawful purpose, while the State countered with evidence that he was there for the purpose of burglarizing the house.

7

Thus, if the jury believed the State's evidence, [Stillwell] was guilty of . . . burglary, but if the jury accepted [Stillwell's] defense to that crime, he was guilty of no offense. Under these circumstances, where [Stillwell] was guilty either . . . burglary or of no crime at all, the trial court committed no error . . . in failing to charge the jury on the lesser included offense of criminal trespass.

*Anthony*, 317 Ga. App. at 812 (3).

*Judgment affirmed. Boggs and Branch, JJ., concur*.