**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 6, 2015**

# In the Court of Appeals of Georgia

A14A1641. PAUL v. THE STATE.

MCFADDEN, Judge.

Jernerick Paul appeals from his burglary conviction. He challenges the sufficiency of the evidence, the admission of certain evidence found during his arrest, the effectiveness of his trial counsel and the lack of a jury charge on the defense of mistake of fact. Because there is enough evidence to support the verdict, the trial court properly admitted evidence of items as a circumstance of the arrest, Paul was not prejudiced by his counsel's performance, and he claimed a mistake of law rather than a mistake of fact, the challenges are without merit and we affirm.

1. *Sufficiency of the evidence.*

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court

determines evidence sufficiency and does not weigh the evidence or determine witness credibility. Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.

*Stillwell v. State*, 329 Ga. App. 108 (764 SE2d 419) (2014) (citation omitted).

So viewed, the evidence shows that at 5:00 a.m. on January 19, 2011, Paul entered the apartment of the victims. One of the victims came out of a bedroom to find Paul standing in the living room. Paul said that the cat had let him in and he then left the apartment. The victim noticed that his wallet had been moved and discovered that a one-dollar bill was missing from it. The victims called the police, who arrived at the scene within a few minutes and found Paul in the apartment complex parking lot. The victims identified Paul as the man who had entered their apartment. Paul consented to a search of his person and backpack, and police found a one-dollar bill in one of his pockets and various items in the backpack, including several cell phones and cameras. The state also introduced evidence of Paul's two prior burglary convictions.

The version of OCGA § 16-7-1 (a) applicable to this case provides that a "person commits the offense of burglary when, without authority and with the intent

2

to commit a felony or theft therein, he enters or remains within the dwelling house of another[.]"[1] Paul argues that there was insufficient evidence of his intent to commit a theft inside the apartment because he testified that he thought the apartment was vacant and that he could rest there. However, unauthorized entry into a vacant dwelling house of another may still constitute burglary. See *Earnest v. State*, 216 Ga. App. 271, 272 (1) (453 SE2d 818) (1995) (sufficient evidence of burglary even though house vacant and no one resided there at time of entry, noting that there is no requirement in the law that a house be continuously occupied in order to be a dwelling). Moreover, the jury was not bound by Paul's testimony and was free to reject it since his credibility, like that of the other witnesses, was a matter solely within the jury's province. *Lewis v. State*, 283 Ga. 191, 192 (1) (657 SE2d 854) (2008); *O'Rourke v. State*, 327 Ga. App. 628, 631 (1) (760 SE2d 636) (2014). Indeed, "[a] jury may reject a defendant's explanation for his unauthorized entry where that explanation is inconsistent with other direct and circumstantial evidence." *Long v. State*, 307 Ga. App. 669, 671 (1) (705 SE2d 889) (2011) (citation omitted). "Having

---

[1] OCGA § 16-7-1 was amended, effective July 1, 2012. The amended version of the statute applies to offenses occurring on or after that date. Because Paul's burglary offense and trial occurred in 2011, the prior version of the statute applies to this case.

3

reviewed all the evidence in the light most favorable to the verdict, we conclude that there was sufficient evidence for the jury to find [Paul] guilty beyond a reasonable doubt of burglary." *Murray v. State*, 328 Ga. App. 192, 193 (1) (761 SE2d 590) (2014) (citations and punctuation omitted).

2. *Motion in limine.*

Paul contends that the trial court erred in denying his motion in limine to exclude evidence of the items found in his backpack at the time of his arrest. The contention is without merit.

> In general, all of the circumstances connected with a defendant's arrest are considered proper evidence to be submitted to the jury to be weighed by it for what they are worth. Articles found in the control of the defendant at the time of his arrest are admissible as circumstances connected with the arrest. Police found the [items in Paul's backpack] after obtaining his consent to search when they arrested him for [burglary] shortly after [the victims] called police. The evidence was properly admitted as part of the circumstances connected with his [burglary] arrest.

*Blackwell v. State*, 274 Ga. App. 579, 580 (618 SE2d 190) (2005) (citations and punctuation omitted).

Paul further argues that the state improperly impugned his character by arguing that the backpack items were evidence of uncharged crimes. He cites to a portion of the state's closing argument, during which the prosecutor questioned inconsistencies

4

in the evidence and Paul's testimony that he owned the items. Paul objected at one point during that argument, but on different grounds: stating facts not in evidence. The trial court effectively sustained the objection by responding "[a]ll right" and then instructing the jury to determine what the evidence is and to ignore any argument not based on the evidence. Paul did not request further instruction or any other ruling by the trial court, and he never objected on the ground that the state was improperly impugning his character based on uncharged crimes.

"Where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court." *Godfrey v. State*, 227 Ga. App. 576, 577 (2) (489 SE2d 364) (1997) (citation and punctuation omitted). Moreover, even if Paul had presented the same grounds for objection on appeal as that ruled on by the trial court during the state's closing argument, "any issue concerning the propriety of the prosecutor's comments has been waived. If the trial court's curative action in sustaining the objection [and instructing the jury] was insufficient, defense counsel should have sought additional relief." *Walley v. State*, 298 Ga. App. 483, 485 (2) (680 SE2d 550) (2009) (citation and punctuation omitted). See also *Fennell v. State*, 271 Ga. App. 797, 798 (1) (611 SE2d 96) (2005) (sustained

objection to improper argument of counsel cannot serve as the basis for reversal unless it is contemporaneous with a denied motion for mistrial, denied request to strike, or denied request for curative instructions).

3. *Ineffective assistance of counsel claim.*

Paul claims that his trial counsel was ineffective in failing to introduce bills and receipts that purportedly would have supported his testimony that he owned the cell phones found in his backpack. We disagree.

"To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficiency so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different." *Patel v. State*, 279 Ga. 750, 751 (620 SE2d 343) (2005) (citations and punctuation omitted). Here, even presuming deficient performance, Paul cannot show prejudice. The evidence of Paul's guilt was overwhelming, including the victim's eyewitness encounter with Paul inside his apartment, Paul's admission that he made an unauthorized entry into the apartment, the discovery of money exactly like that stolen from the victim's wallet inside Paul's pocket, and the evidence of Paul's two prior burglary convictions.

6

Given such overwhelming evidence of guilt, there is no reasonable probability that the outcome of the trial would have been different if counsel had introduced bills and receipts of cell phones that were not the subject of the crime charged. "[A]ccordingly, ineffective assistance of trial counsel has not been shown on this basis." *Chavez v. State*, 329 Ga. App. 207, 210 (1) (764 SE2d 447) (2014) (finding that regardless of counsel's deficiency, no prejudice to defendant in view of overwhelming evidence of guilt). See also *Durden v. State*, 293 Ga. 89, 99 (6) (b) (744 SE2d 9) (2013) (no reasonable probability of different outcome at trial given overwhelming evidence of defendant's guilt).

4. *Mistake of fact charge.*

Paul argues that the trial court erred in failing to charge the jury sua sponte on the defense of mistake of fact. The argument is without merit.

"Mistake of fact represents an affirmative defense, under which a person shall not be found guilty of a crime if the act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission." *Stillwell*, supra at 109 (1) (citation and punctuation omitted). Here, Paul claims that he mistakenly thought the apartment was vacant and thus he was authorized to enter it. This, however, was a mistake of law, not fact; as noted above in Division 1, a

7

person is not authorized to enter the dwelling of another merely because it is vacant and such unauthorized entry may still constitute burglary. *Earnest*, supra. "We have consistently held that failure to give a charge on mistake of fact is not error where the evidence shows that a party has made a mistake of law. It is axiomatic that everyone is presumed to know the law and ignorance thereof is not an excuse for its violation." *Stillwell*, supra at 110 (1) (citations and punctuation omitted). Because Paul's "defense was based on mistake of law rather than mistake of fact, the trial court did not err in failing to charge mistake of fact." Id.

*Judgment affirmed. Andrews, P. J., concurs; Ray, J., concurs fully in Divisions 1, 2, and 4, and in the judgment only in Division 3.*