**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

April 29, 2021

# In the Court of Appeals of Georgia

A21A0376. CAMPBELL v. THE STATE.

McFADDEN, Chief Judge.

After a jury trial, Darius Rashun Campbell was convicted of first-degree home invasion (OCGA § 16-7-5), aggravated assault (OCGA § 16-5-21), and possession of a firearm by a convicted felon (OCGA § 16-11-131). On appeal, he challenges the sufficiency of the evidence, but the evidence authorized the jury to find him guilty of the offenses. He argues that the trial court erred in failing, sua sponte, to strike a juror for cause, but he waived that claim of error. He argues that the trial court erred in admitting other-acts evidence under OCGA § 24-4-404 (b), but the trial court did not abuse his discretion in this ruling. He argues that the trial court erred in failing to instruct the jury on lesser-included offenses as to three of the offenses with which he was charged, but the evidence did not authorize those charges. He argues that the trial

court improperly commented on the evidence, but the comment did not violate OCGA § 17-8-57. Finally, he argues that his trial counsel rendered ineffective assistance in several respects, but he has not shown both the deficient performance and prejudice required for this claim. So we affirm.

1. *Sufficiency of the evidence.*

"On appeal from a criminal conviction, the appellate court views the evidence in the light most favorable to the verdict, and [the] appellant no longer enjoys the presumption of innocence." *Walker v. State*, 348 Ga. App. 273 (1) (821 SE2d 567) (2018) (citation and punctuation omitted). "We do not weigh the evidence or judge the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the defendant guilty of the crimes beyond a reasonable doubt in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979)." *Rowland v. State*, 349 Ga. App. 650 (1) (825 SE2d 231) (2019) (citation omitted).

So viewed, the evidence shows that on the morning of November 30, 2017, Campbell, a convicted felon, banged on the door of an occupied residence and then forced his way inside while carrying an AR-15 rifle, which he began to raise in the

direction of the three persons inside. One of those persons then shot Campbell several times. Campbell fled but was apprehended nearby.

Campbell challenges the sufficiency of the evidence supporting his convictions for first-degree home invasion, aggravated assault against the three persons inside the residence, and possession of a firearm by a convicted felon, but the only argument he makes in support of this challenge is that the evidence of his guilt was contradictory or inconclusive. This argument does not address sufficiency. It goes to the strength and credibility of the evidence, which were matters for the jury to resolve. *Rowland*, 349 Ga. App. 350 (1). The evidence authorized the jury to find Campbell guilty of the crimes for which he was convicted.

2. *Trial court's failure to strike a juror for cause.*

Campbell argues that the trial court erred for failing to strike a juror for cause. But, after the juror was questioned in voir dire, Campbell's trial counsel did not challenge him for cause, so this claim of error is not preserved for appellate review. See *Sewell v. State*, 302 Ga. App. 151, 154 (2) (690 SE2d 634) (2010). This claim of error is not subject to plain error review. See generally *Miller v. State*, 309 Ga. 549, 552 (2) (847 SE2d 344) (2020) (describing the limited types of claims that are subject to plain error review).

3

3. *Other-acts evidence.*

Campbell argues that the trial court erred in permitting the introduction of other-acts evidence under OCGA § 24-4-404 (b) ("Rule 404 (b)"). As our Supreme Court has explained the applicable standard:

> [i]n order to be admissible under Rule 404 (b), evidence of an accused's other acts must be (1) relevant to some issue other than character; (2) admissible under OCGA § 24-4-403 ("Rule 403"), in that its probative value is not substantially outweighed by the danger of unfair prejudice; and (3) sufficient to permit the jury to conclude by a preponderance of the evidence that the accused actually committed the other act. A trial court's decision to admit evidence under Rule 404 (b) will be disturbed only if it constitutes a clear abuse of discretion.

*Harrison v. State*, __ Ga. __, __ (3) (Case No. S20A1104, decided March 1, 2021) (citations omitted). We find no abuse of discretion here.

The other-acts evidence at issue concerned an incident that occurred on November 13, 2017, two weeks before the events at issue in this case. The other-acts witness testified that Campbell came to a hotel room that was serving as the witness's home, knocked on her partially open door, then pushed his way partially into the room and began yelling at one of the other occupants, demanding money that Campbell claimed that person owed him. Campbell was irate and made the witness

4

uncomfortable. At one point, Campbell stepped outside of the room and the other-acts witness attempted to close the door; Campbell then kicked the door and the witness opened it again and shoved Campbell. The witness testified that, at that point, Campbell "pulled a gun[,] pushed his way the rest of the way into the room and shoved [her] on the bed." Campbell pointed his gun at the witness's face and said, "don't make me use this thing on you." The other people in the room tried to calm Campbell and the front desk of the hotel called 911; Campbell left shortly thereafter.

The trial court ruled that the state could introduce this evidence to show identity and intent and to rebut any justification defense presented by Campbell. The trial court gave the jury a limiting instruction to this effect both at the time the other-acts witness testified and at the close of trial.

(a) *Relevance to an issue other than character.*

As to the first prong of the Rule 404 (b) analysis, intent was a material issue at trial, both because Campbell entered a plea of not guilty, see *Harrison*, __ Ga. at __ (3) (holding that not guilty plea to burglary charge "made intent a material issue [that] the [s]tate may prove . . . by qualifying Rule 404 (b) evidence absent affirmative steps by the defendant to remove intent as an issue") (citation and

5

punctuation omitted), and because Campbell argued at trial that he did *not* have the intent required to be convicted of home invasion.

The other-acts evidence was relevant to the issue of whether Campbell had the necessary intent for home invasion. As our Supreme Court has explained,

> [w]here the issue addressed is the defendant's intent to commit the offense charged, the relevance of the extrinsic evidence derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses. The reasoning is that because the defendant had unlawful intent in the extrinsic offense, it is less likely that he had lawful intent in the present offense.

*Kirby v. State*, 304 Ga. 472, 480 (4) (a) (819 SE2d 468) (2018) (citation omitted). "The relevance of other-acts evidence is established when the prior act was committed with the same state of mind as the charged crime." *Harrison*, __ Ga. at __ (3) (citation and punctuation omitted). The state charged Campbell with committing the crime of home invasion by entering the house "with the intent to commit the forcible felony of [a]ggravated [a]ssault." So the state was required to prove that he entered the house with that intent. See *Mackey v. State*, 296 Ga. App. 675, 678 (2) (675 SE2d 567) (2009) ("If the indictment sets out the offense as done in a particular way, the proof must show it.") (citation and punctuation omitted). The evidence that

6

Campbell previously committed an aggravated assault was relevant to his intent to commit an aggravated assault in this case, satisfying the first prong of the Rule 404 (b) test. See *Harrison*, supra.

"Because we conclude that [the other-acts witness's] testimony was admissible to show [intent], we need not address whether that testimony was admissible to show [identity or absence of justification]." *Smart v. State*, 299 Ga. 414, 418 (2) (a) n. 3 (788 SE2d 442) (2016).

(b) *Admissibility under Rule 403.*

As to the second prong of the Rule 404 (b) analysis,

we examine both the probative value and the prejudicial effect of the other-acts evidence. Probative value depends on the marginal worth of the evidence — how much it adds, in other words, to the proof available to establish the fact for which it is offered. In assessing the probative value of other-acts evidence in proving intent, we consider the acts' overall similarity to the charged crimes, their temporal remoteness, and the prosecutorial need for it.

*Harrison*, __ Ga. at __ (3) (citations and punctuation omitted). Campbell argues that the earlier incident was insufficiently similar because it occurred at a hotel rather than a house, involved Campbell's attempt to collect a debt, and involved a different type of firearm. But where, as here,

other[-]act evidence is introduced to prove *intent*, . . . a lesser degree of similarity between the charged crime and the the extrinsic evidence is required [than when other-act evidence is introduced to prove, for example, identity]. The trial court here had discretion to consider the similarities and differences and conclude that the evidence of the [earlier] incident retained substantial probative value.

*Kirby*, 304 Ga. at 484 (4) (a) (i) (citation and punctuation omitted; emphasis in original).

In addition, the earlier incident occurred only two weeks before the charged crimes, and the prosecution had a need for the other-acts evidence to address Campbell's claim that, even if he entered the house with a rifle, he did not intend to commit aggravated assault with it. Evidence that Campbell had recently committed an aggravated assault by forcing his way into the witness's hotel room and threatening her with a firearm had significant probative value in establishing that in this case, when Campbell forced his way into the house while carrying a rifle, he intended to commit an aggravated assault. "Given the high probative value of the evidence in proving [Campbell's] intent [to commit an aggravated assault, in the face of his claim that he had no such intent], we discern no abuse of discretion in the trial court's ruling that the prejudice inherent in the other-acts evidence did not

8

substantially outweigh its probative value." *Harrison*, __ at __ (3). This is especially so in light of the limiting instruction that the trial court gave the jury regarding the evidence. See id.

Campbell argues that the trial court did not explicitly reference the Rule 403 balancing test in admitting the evidence. This does not require reversal, because Campbell "argued below that the potential prejudice precluded [the evidence's] admission, and the trial court implicitly rejected his argument." *Chase v. State*, 337 Ga. App. 449, 455 (3) (a) (787 SE2d 802) (2016).

(c) *Sufficiency of evidence that Campbell committed the other acts.*

As to the third prong of the Rule 404 (b) analysis, the other-acts witness identified Campbell in open court as the person who had pushed his way into her hotel room and threatened her with a gun. "[T]here is little doubt that [this] testimony sufficed to establish by a preponderance of the evidence that [Campbell] did in fact commit the acts about which [the other-acts witness] testified. Accordingly, we conclude that there was no clear abuse of discretion in the trial court's admission of the other-acts evidence." *Harrison*, __ Ga. at __ (3).

4. *Lesser-included offenses.*

Campbell argues that the trial court erred in failing to give his written requests to charge several lesser-included offenses. A lesser-included offense is one where either

> (1) [i]t is established by proof of the same or less than all of the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) [i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

OCGA § 16-1-6. If there is any evidence that the defendant committed the lesser-included offense, and the defendant has requested in writing a charge on that offense, the trial court must give the charge. *Calmer v. State*, 309 Ga. 368, 373 (3) (846 SE2d 40) (2020) (citation and punctuation omitted). "But, the trial court is not required to charge the jury on a lesser[-]included offense when the evidence shows either the commission of the offense charged in the indictment, or the commission of no offense at all." *Stillwell v. State*, 329 Ga. App. 108, 111 (2) (764 SE2d 419) (2014). Moreover, "when evaluating a requested jury instruction, the question is not whether there is any *hypothetical scenario* that would support the charge; instead, the question is whether there is any *evidence* to support the charge." *Daniel v. State*, 301 Ga. 783,

10

787 (III) (804 SE2d 61) (2017) (emphasis in original). Whether the evidence authorizes the charge is a question of law. *Bailey v. State*, 301 Ga. 476, 480 (IV) (801 SE2d 813) (2017). With these principles in mind, we turn to Campbell's specific claims related to lesser-included offenses.

(a) *Simple assault as a lesser-included offense of aggravated assault.*

Campbell argues that the trial court erred in denying his written request for a charge on simple assault as a lesser-included offense of aggravated assault. Simple assault is committed when a person either "[a]ttempts to commit a violent injury to the person of another" or "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury"). OCGA § 16-5-20 (a). Aggravated assault is committed, among other ways, when a person "assaults . . . [w]ith a deadly weapon[.]" OCGA § 16-5-21 (a) (2). See *State v. Nejad*, 286 Ga. 695, 700 (2) (690 SE2d 846) (2010) ("A firearm is a deadly weapon as a matter of law."). Although, as Campbell asserts, "simple assault is necessarily a lesser[-]included offense of aggravated assault, trial courts need not authorize juries to enter verdicts on the lesser crime in every case." *Bradley v. State*, 322 Ga. App. 541, 546 (3) (a) (i) (745 SE2d 763) (2013) (citation omitted). Accord *Patterson v. State*, 332 Ga. App. 221, 226 (2) (a) (770 SE2d 62) (2015). "Where the undisputed evidence shows that

11

the assault was committed with a deadly weapon, it is not error to refuse to give a charge on simple assault as a lesser included offense." *Hy v. State*, 232 Ga. App. 247, 249 (2) (501 SE2d 583) (1998).

Campbell challenges the credibility of the evidence that he used a firearm to assault the victims. But he points to no evidence, and we have found none, showing that he committed an assault in some way other than with a firearm. Although the victims' testimony was inconsistent in several respects, their depictions of the incident all unequivocally centered around Campbell's actions with the rifle and there is simply no evidence that Campbell attempted to commit a violent injury to the victims, or placed them in reasonable apprehension of immediately receiving such an injury, in a way that did *not* involve a firearm. And if Campbell did not, in fact, assault the victims in some other way, then no simple assault occurred and the trial court was not required to charge on that offense. See *Moore v. State*, 283 Ga. 151, 154 (2) (656 SE2d 796) (2008); *Hy*, 232 Ga. App. at 249 (2).

(b) *Second-degree home invasion as a lesser-included offense of first-degree home invasion.*

Campbell argues that the trial court erred in denying his written request for a charge on second-degree home invasion as a lesser-included offense of first-degree

home invasion. These two offenses differ only as to the defendant's intent when he entered into the home. "[T]o commit the crime of home invasion in the first degree, a perpetrator must: (1) make an unauthorized entry into a legally occupied dwelling house; (2) do so with the intent to commit a forcible felony therein; and (3) do so while in possession of a deadly weapon or other instrument capable of causing serious bodily injury." *Mahone v. State*, 348 Ga. App. 491, 494 (2) (823 SE2d 813) (2019). See OCGA § 16-7-5 (b). The crime of home invasion in the second degree requires the same elements, except that the perpetrator must intend to commit a forcible misdemeanor rather than a forcible felony. See OCGA § 16-7-5 (c). So if there was evidence that Campbell intended to commit a forcible misdemeanor rather than a forcible felony when he entered the house, then he was entitled to a charge on second-degree home invasion.

Campbell argues that there was evidence showing that, when he entered the house, he intended to commit the forcible misdemeanor of simple assault, rather than the forcible felony of aggravated assault. In support of this argument, he points to evidence that he claims shows he did not possess a deadly weapon when he entered the house, namely testimony that law enforcement officers never recovered Campbell's firearm, and a recording from a surveillance camera mounted on a pole

13

near the house that depicted a man (whose identity is discussed below at Division 6 (c) (i)) running toward the house immediately before the incident carrying a long object that could not clearly be identified in the recording. We disagree with Campbell's characterization of this evidence as showing that he did *not* enter the residence with a firearm.

Nevertheless, if Campbell did not possess a deadly weapon, as he claims, then he did not commit second-degree home invasion because that crime requires that the perpetrator enter the home "while in possession of a deadly weapon or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury[.]" OCGA § 16-7-5 (c). So to the extent the evidence cited by Campbell supports his argument that he did *not* possess a deadly weapon, that evidence does not support the giving of a charge on second-degree home invasion.

Moreover, Campbell would not be entitled to a charge of second-degree home invasion based on the forcible misdemeanor of simple assault unless there was evidence that he intended to assault the victims by some means *other than* the deadly weapon in his possession. This is because an assault using a deadly weapon or other instrument capable of causing serious bodily harm is, by definition, an aggravated assault rather than a simple assault. OCGA § 16-5-21 (a) (2). Just as Campbell did not

14

point to evidence that he committed an assault by some means other than with a deadly weapon (discussed in Division 4 (b), above), Campbell also points to no evidence that he *intended* to commit an assault by some means other than with a deadly weapon, and in our review of the trial transcript we have found no such evidence.

Instead, the evidence in this case "shows either the commission of the offense charged in the indictment, [first-degree home invasion,] or the commission of no offense at all." *Stillwell*, 329 Ga. App. 111 (2). So the trial court did not err in denying Campbell's request for a charge on second-degree home invasion. See id.

(c) *Criminal trespass as a lesser-included offense of first-degree home invasion.*

Campbell argues that the trial court erred in denying his written request for a charge on criminal trespass as a lesser-included offense of first-degree home invasion. Criminal trespass is committed, among other ways, when a person "knowingly and without authority . . . [e]nters upon the land or premises of another person . . . for an unlawful purpose." OCGA § 16-7-21 (b) (1). And, as discussed above, a person commits first-degree home invasion when he makes an unauthorized entry into a dwelling house, with the intent to commit a forcible felony therein, while in

15

possession of a deadly weapon or instrument capable of causing seriously bodily harm. OCGA § 16-5-7 (b); *Mahone*, 348 Ga. App. at 494 (2). For Campbell to be entitled to a charge on criminal trespass as a lesser-included offense to first-degree home invasion, there must be evidence that he was in the home for an unlawful purpose *other* than the purpose upon which the greater offense was based, aggravated assault. See *Daniel*, 301 Ga. at 788 (III).

Noting evidence that the house at issue was a "drug house" and that in the past both Campbell and the victims had been involved with illegal drug dealings, Campbell offers the hypothesis that he was at the house for some unspecified reason related to illegal drugs, rather than to commit aggravated assault. But he cites no evidence that, on the specific day in question, he went to the house for a drug transaction, a purpose which suggests that the occupants of the house would have permitted him to be there. Moreover, he cites no evidence that he was at the house on that day for any other unlawful purpose aside from aggravated assault, and we have found no such evidence in our review of the trial transcript. For that reason, "there was no evidence to support the requested criminal trespass charge [and] we find no error in the trial court's refusal to instruct the jury on criminal trespass." Id. at 788 (III).

5. *Trial court's comment on the evidence.*

Campbell argues that we should reverse his convictions because the trial court improperly commented on the evidence in the jury's presence. "It is error for any judge, during any phase of any criminal trial, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved[.]" OCGA § 17-8-57 (a) (1). In determining whether a comment by the trial court violates this Code section, we must consider what the jury could have reasonably understood from the comment, taken in context. *Jones v. State*, 304 Ga. 594, 602 (3) (820 SE2d 696) (2018). We must also bear in mind the trial court's discretion. See *Littlejohn v. State*, 320 Ga. App. 197, 203 (2) (739 SE2d 682) (2013) ("it is well settled that a trial court may propound a clarifying question in order to develop the truth of a case without violating this statute") (citation and punctuation omitted).

Campbell asserts that the trial court made such a comment in response to a note from the jury, during deliberations, asking to rewatch a portion of the pole camera recording beginning at a particular time stamp, 11:43:20. The trial court began playing the recording for the jury at a time stamp slightly before the requested point, 11:41:15. The transcript reflects that, as the recording was played, the trial court stated: "You want to pause it at 11:20, there, he was right there." Campbell's trial

17

counsel moved for a mistrial on the ground that this comment improperly "referr[ed] to the individual coming across the street." The trial court denied that motion.

We find no error. The jury specifically asked to rewatch a particular portion of the pole camera recording. There was no dispute that a person appeared at that point in the recording. Viewed in its context, the jury could have reasonably understood the trial court's comment not to state that Campbell was the person in the recording but merely to alert them to the portion of the recording in which they were interested, an act that fell within the trial court's "considerable discretion to control the trial of the case to ensure a fair trial and the orderly administration of justice." *Smith v. State*, 297 Ga. 268, 270 (2) (773 SE2d 269) (2015). "Under these circumstances, the trial [court's] comment cannot be reasonably construed as expressing or intimating an opinion as to what had or had not been proved — the type of comment that could violate . . . OCGA § 17-8-57." *Jones*, 304 Ga. at 602 (3). See *Foster v. State*, 290 Ga. 599, 601 (2) (723 SE2d 663) (2012) ("judicial comments limited to a clarification of procedures and which did not address the credibility of witnesses or any fact at issue in the trial do not violate OCGA § 17-8-57") (citation and punctuation omitted).

6. *Ineffective assistance of trial counsel.*

Campbell argues that he received ineffective assistance of trial counsel. To prevail on this claim, Campbell "must show both that his counsel performed deficiently and that, but for the deficiency, there is a reasonable probability that the outcome of his trial would have been more favorable. . . . If [Campbell] fails to satisfy either the deficient performance or the prejudice prong of [this] test, [we are] not required to examine the other." *Slaton v. State*, 303 Ga. 651, 652-653 (2) (814 SE2d 344) (2018) (citation and punctuation omitted). In reviewing the trial court's ruling on the ineffective assistance of counsel claims, we accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, but we review the trial court's legal conclusions de novo. *Davis v. State*, 306 Ga. 430, 432 (831 SE2d 804) (2019). "And [as to those issues where there is an] absence of explicit factual and credibility findings by the trial court, we presume implicit findings were made supporting the trial court's decision." Id. at 432-433.

Campbell argues that his trial counsel was deficient in several respects: by failing to advise him of a plea offer; by failing to move to strike a juror for cause; by failing to object or seek other relief in response to certain witness testimony; and by failing to object or move for mistrial in response to closing argument by the state that

Campbell asserts was improper. As detailed below, he has not shown he is entitled to reversal on any of these grounds.

(a) *Improperly advising Campbell in connection with a plea offer.*

Campbell argues that his trial counsel was ineffective because he incorrectly advised Campbell that he could not be convicted of aggravated assault with a firearm because he did not point his gun at the victims. Campbell asserts that, based on this advice, he rejected a plea offer he otherwise would have accepted. Although the trial court decided this claim on the prejudice prong, the trial court also stated that, "based on the testimony of trial counsel and Campbell the [c]ourt does not actually find that trial counsel was deficient." At the hearing on Campbell's motion for new trial, his trial counsel denied telling Campbell that he could not be convicted of aggravated assault. Because the trial court was authorized to credit this testimony over that of Campbell, see *Davis*, 306 Ga. at 432-433, Campbell has not shown that his trial counsel was deficient, and so he has not shown that he received ineffective assistance.

(b) *Failing to move to strike a juror for cause.*

In Division 2, above, we held that Campbell did not preserve for appellate review his claim that the trial court erred in not striking a juror for cause, because his trial counsel did not move to strike the juror. Campbell argues that his trial counsel's

20

failure to do so constituted ineffective assistance. A "decision as to which jurors to strike is a strategic decision that, if reasonable, will not support an allegation that counsel's performance was deficient." *Taylor v. State*, 302 Ga. 176, 178 (2) (805 SE2d 851) (2017). Here, the decision of Campbell's trial counsel not to move the trial court to strike the juror in question was not objectively unreasonable, because the juror's voir dire responses did not demand that he be excused for cause. So Campbell has not shown deficient performance.

The juror at issue initially stated in voir dire that he thought Campbell would "have to prove himself innocent for what he didn't do, to show that he's not lying and telling the truth." When questioned further, however, he agreed that if the judge instructed him that Campbell had no burden of proof, he would "go by the law of the judge" and not require Campbell to prove anything. The juror also agreed that he would not "hold it against Mr. Campbell" if Campbell did not testify and the defense did not call any witnesses.

In support of his argument that the juror should have been excused for cause, Campbell points to an ambiguous comment made by the juror. When asked if he would be willing to "put [his] personal opinions aside and base [his] decision on the facts and evidence presented in this case, coupled with the law that [the judge] gives

21

[him] and only that, as opposed to relying upon [his] beliefs," the juror replied, "I'll put that on my personal decision."

For a juror to be dismissed for cause, he must hold "an opinion of the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence." *Hargett v. State*, 285 Ga. 82, 84 (3)(b) (674 SE2d 261) (2009) (citations omitted). In ruling on Campbell's motion for new trial, the trial court expressly found that, in the context of the juror's other voir dire responses, the "personal decision" comment was not a statement that the juror would decide the case contrary to the trial court's instructions. The trial court also stated that he was "satisfied with trial counsel's actions as to [the juror]." These conclusions by the trial court concerned the juror's demeanor and credibility, matters that fell within the trial court's discretion. See *Hargett*, 285 Ga. at 84-85 (3) (b); *Shiver v. State*, 276 Ga. 624, 625 (2) (581 SE2d 254) (2003). Because the juror's comments did not demand a conclusion that he must be dismissed for cause, trial counsel was not deficient for failing to ask the trial court to dismiss the juror and Campbell has not shown he received ineffective assistance in this regard. See *Taylor*, 302 Ga. at 178 (2).

22

(c) *Failing to object to or seek other relief in response to certain witness testimony.*

Campbell argues that his trial counsel was ineffective for failing to object to or seek other relief in response to three witnesses' testimony. As detailed below, these claims fail because he has not shown that his trial counsel performed deficiently.

(i) *Law enforcement officer's identification of Campbell in a video recording.*

Campbell argues that his trial counsel should have objected to or sought a mistrial in response to testimony of a law enforcement officer who authenticated the pole camera recording and testified about its contents. Although the recording did not clearly show the face of the man seen on the recording, throughout his direct examination the officer referred to that person as "the defendant" or "Mr. Campbell." Trial counsel did not object to these references; instead, on cross-examination, he challenged the officer's ability to recognize Campbell in the recording, resulting in an admission by the officer that he could not see the face of the person in the recording. The officer testified, however, that there were "other factors" that supported his identification, and on redirect the trial court allowed the officer to explain those factors over Campbell's hearsay and confrontation clause objections.

23

Campbell argues that his trial counsel should have objected to the officer's direct examination testimony because the recording did not give a clear view of the face of the person in the recording and the identity of that person was disputed. But Campbell's trial counsel challenged the strength and credibility of the officer's identification testimony when he cross-examined the officer. "Whether to object during direct examination or instead rely on cross-examination falls within the ambit of reasonable trial strategy. Counsel's performance was not deficient in this regard." *Faust v. State*, 302 Ga. 211, 219 (4) (b) (805 SE2d 826) (2017) (citation and punctuation omitted).

(ii) *Emergency medical technician's testimony that Campbell was "withholding information."*

Campbell argues that his trial counsel should have objected to or sought a mistrial in response to the testimony of an emergency medical technician who provided care to Campbell after he was shot during the incident. During direct examination, that witness stated that, as he was treating Campbell, Campbell "wouldn't give [him] information" and "was just withholding information" about what had happened to him. Although Campbell argues that this testimony was prejudicial to him because it created the impression that he was evasive, he offers no

24

meaningful argument or citation to authority for the proposition that these statements were inadmissible. The failure to make a meritless objection is not deficient performance. See *Yancey v. State*, 292 Ga. 812, 818-819 (4) (740 SE2d 628) (2013).

(iii) *Victim's testimony that she "was informed" Campbell had a specific type of gun.*

Campbell argues that his trial counsel should have objected to or sought a mistrial in response to the testimony of one of the victims who, when asked what kind of gun Campbell was carrying, responded: "It was really big. I didn't know the name of it before, but from what I was informed, it was an AR-15." He argues that this testimony was objectionable because it suggested that this witness had been tampered with or improperly influenced. But he offered no authority, either below or on appeal, to support such characterization of the testimony, and in ruling on the motion for new trial the trial court did not address that argument. See generally *Cowart v. State*, 294 Ga. 333, 338 (3) (751 SE2d 399) (2013) (trial court's failure to address an ineffective assistance claim in ruling on a motion for new trial indicated that the court did not view the claim to be a part of the motion). Instead, the trial court viewed the testimony that the gun "was an AR-15" to be objectionable on hearsay grounds but found that Campbell had not shown he was prejudiced by his trial counsel's failure

25

to make a hearsay objection. Pretermitting whether trial counsel was deficient, we agree that Campbell has not shown prejudice because there was other admissible evidence about the type of gun he carried. See *Anderson v. State*, 309 Ga. 618, 629 (5) (c) (847 SE2d 572) (2020) (defendant was not prejudiced by trial counsel's failure to object to hearsay that was cumulative of other admissible evidence).

(iv) *Purported "prior-difficulties" testimony.*

Campbell argues that trial counsel did not properly respond to witness testimony that Campbell characterizes as evidence of prior difficulties between himself and the victims. He argues that his trial counsel should have either sought or supported the giving of a limiting instruction on prior difficulties or objected and sought relief when the testimony was given. Instead, when the state asked for the trial court to include a prior-difficulties instruction in his charge, trial counsel objected and the trial court declined to give the charge, finding that the testimony at issue did not concern prior difficulties.

We agree with the trial court that the testimony at issue in this claim of error was not evidence of prior difficulties. The testimony concerned Campbell bringing a "big ol' gun" to the home of the witness, who was not a victim but who lived next door to the house where the incident occurred. And it concerned that witness's

26

statement to a law enforcement officer that she had warned one of the victims that Campbell "was *going to* rob y'all stupid stuff." (Emphasis supplied.) Such evidence did not concern "prior difficulties between the accused and the alleged victim," OCGA § 24-4-404 (b), so trial counsel was not deficient in failing to seek a limiting instruction or take other action that would have been appropriate had the testimony concerned prior difficulties.

(d) *Failing to object to or move for mistrial in response to closing argument.*

Campbell argues that his trial counsel was deficient for failing to object or move for a mistrial at various points during the state's closing argument. "Generally, closing argument is appropriate as long as it is based on evidence that is properly before the jury. The prosecution and defense are afforded wide latitude in making closing argument in a criminal trial." *London v. State*, 308 Ga. 63, 68-69 (4) (838 SE2d 768) (2020) (citation and punctuation omitted). Where a prosecutor's argument falls within the boundaries of permissible closing argument, trial counsel is not ineffective for failing to object to it. *Long v. State*, 309 Ga. 721, 728 (2) (a) (848 SE2d 91) (2020). Moreover, even if the prosecutor's argument falls outside of those boundaries, the decision not to object may be "based on reasonable strategic considerations, such as the attorneys' desire to avoid highlighting the objectionable

27

information." *Lofton v. State*, 309 Ga. 349, 365 (6) (b) (iii) (846 SE2d 57) (2020).

"Whether to object to a particular part of a prosecutor's closing argument is a tactical decision, and counsel's decision not to make an objection must be patently unreasonable to rise to the level of deficient performance." *Peoples v. State*, 295 Ga. 44, 60 (6) (757 SE2d 646) (2014) (citations and punctuation omitted). With these principles in mind, we turn to the specific comments to which Campbell argues his trial counsel should have objected.

(i) *"So you can't be weighing it."*

Campbell argues his trial counsel should have objected to a comment, highlighted below, that the prosecutor made while discussing the concept of reasonable doubt:

> To explain it further, [reasonable doubt] is the doubt of a fair-minded, impartial juror, it must be based on common sense and reason. If you do have a doubt, it cannot be vague or arbitrary. Let me be crystal clear: That means that if you find yourselves saying back there, well, I just don't think that he's guilty. And you ask yourself, why do I think that? And you say, well, I don't know, that's just what I think, that is a vague and arbitrary doubt. That is not permitted under the law. You have to be able to come up with a reason, based upon commonsense, why you have a doubt because your duty is to seek the truth. *So you can't be weighing*

28

*it*, you can't be arbitrary, you have to have a reason for your thoughts and your opinion.

(Emphasis supplied.)

Campbell argues that this highlighted comment was improper because it instructed the jurors that they could not weigh the evidence. We do not agree. In the context of the prosecutor's argument, the comment appears to refer to weighing reasonable doubt, not weighing evidence. Certainly, an argument that a jury cannot "weigh reasonable doubt" makes little sense, but at other points in the closing argument the state emphasized the jury's role as factfinder and the trial court also instructed the jurors that they were to weigh the evidence. "The jury was presumed to follow the trial court's instructions, and [Campbell] has presented nothing to overcome this presumption." *Clark v. State*, 307 Ga. 537, 544-545 (2) (c) (837 SE2d 265) (2019). See also *Gomillion v. State*, 236 Ga. App. 14, 19 (3) (d) (512 SE2d 640) (1999) ("qualified jurors under oath are presumed to follow the instructions of the trial court"). Under these circumstances, pretermitting whether trial counsel performed deficiently, Campbell has not shown a reasonable probability that this comment by the prosecutor affected the outcome of the trial. See *Gomillion*, supra (trial counsel's failure to address an error on the indictment, which was provided to

the jury with an incorrect notation that the defendant had pleaded "guilty," did not prejudice the defendant because the trial court charged the jury both that the defendant had pleaded "not guilty" and also that the indictment was not evidence).

(ii) *What the jury should and should not consider in deliberations.*

Campbell argues his trial counsel should have objected to comments, highlighted below, that the prosecutor made while discussing what the jurors should and should not consider in their deliberations:

> The things that you should consider are inside a circle. The things that are not are outside the circle. So what's outside the circle? Passion, public opinion, *dislike of the police*, sentiment, *sympathy for the defendant*, you disagree with the law, conjecture, penalty and punishment, and any kid of prejudice you might have. Those are the things that are outside of the circle of what is your job to consider, during your deliberations. What is inside? The elements of the crime, the law, expert testimony, photos and documents, testimony of witnesses, credibility of witnesses, *defendant's actions, the defense that is provided*, and the forensics.

(Emphasis supplied.)

Campbell argues that his trial counsel should have objected to the first two highlighted comments because they were "prosecution-friendly examples." But the prosecution is not prohibited from arguing "prosecution-friendly examples" in

30

closing. Campbell argues that his trial counsel should have objected to the remaining highlighted comment because, "[w]ithout clarification, this argument says that the jury could consider any actions of the defendant during the course of the trial, and even the lack of defense presented to them." But he offers no citation to authority supporting his argument that the closing argument was improper for such a reason, and we know of none. "[T]rial counsel's failure to make a meritless objection to the [s]tate's closing argument is not evidence of ineffective assistance." *Arnold v. State*, 309 Ga. 573, 577 (2) (a) (847 SE2d 358) (2020) (citation and punctuation omitted).

(iii) *"But now you can presume him to be guilty."*

Campbell argues his trial counsel should have objected to a comment, highlighted below, that the prosecutor made while discussing the presumption of innocence:

> You were told, expressly, that you have the duty to presume the innocence of the defendant as you're walking in the door. That was something you had to do. He is, in fact, presumed innocent until proven guilty. The presumption is only there until it is overcome by the evidence. Once you believe that he did this, that he committed these crimes, that presumption is now gone. So you will hear that you had to presume him innocent at one time, *but now you can presume him to be guilty*, as well, if you find that all the evidence fits. Once you believe he did this, that guilt is now beyond a reasonable doubt.

31

(Emphasis supplied.)

In a criminal trial, the presumption of innocence remains until it is overcome by evidence of the defendant's guilt beyond a reasonable doubt. *Little v. State*, 230 Ga. App. 803, 807 (2) (498 SE2d 284) (1998). Once overcome, however, it is not replaced by a "presumption of guilt," as the prosecutor argued, so we agree with Campbell that the argument was improper and that "trial counsel should have objected to the prosecutor's statements[.]" *Clark*, 307 Ga. at 544 (2) (c) (involving similar closing argument in which prosecutor misstated the law governing how the presumption of innocence could be overcome).

Nevertheless, Campbell has not shown that trial counsel's failure to object prejudiced him. Certainly, this erroneous reference to a presumption of guilt was confusing. But the prosecutor's discussion of how the presumption of innocence could be overcome, which preceded the statement about a presumption of guilt, was correct, and the trial court "correctly charged the jury on the presumption of innocence, burden of proof, and reasonable doubt at the beginning of the trial and in its final instruction to the jury. The jury was presumed to follow the trial court's instructions, and [Campbell] has presented nothing to overcome this presumption." *Clark*, 307 Ga. at 544-545 (2) (c). Under these circumstances, Campbell has not

shown a reasonable probability that, but for trial counsel's failure to object to this comment, the outcome of the trial would have been different. See id.

(iv) *Future dangerousness.*

Campbell argues his trial counsel should have objected when, at two different points during closing, the prosecutor made arguments that Campbell claims improperly addressed his future dangerousness. The prosecutor argued:

> As you saw, bullets don't have names, bullets don't have stopping on their own. They come to a stop when they've run their course. And, as you saw, they go through walls. So if you need a reason to care about this case, that should be it. There are other people, there are children. Not to mention, this was not what we do in Douglas County. It's just not. Now, while it might not have been your street, it is in your county and you say what goes and you say that it's not okay. You have that right and that's what your job is, because Fulton County isn't sitting here, Cobb County's not sitting here, it is Douglas County, and you are going to decide whether or not what this man did was criminal and that he's guilty on your streets.

She later argued:

> Now, ladies and gentlemen, you're about to go back there after you hear the instructions from the judge about the law. There is a phrase I want you to keep in mind: That which you condone, you promote. Will you condone running across the street with a rifle, banging on the door of a

33

known drug house? Because if you condone that, trying to rob them, lifting up an assault rifle, of any kind, towards people in order to rob them, then you're promoting it. And the question here is: Is that what you want to do? The law says this is prohibited. It is prohibited in Douglas County and it's prohibited in the entire state. Don't condone it, definitely don't promote it, and find him guilty. Thank you.

These arguments were not improper. They "did not reflect directly and immediately on [Campbell's] future dangerousness, but appear to be general appeals to enforce the criminal law for the safety of the community[, even if the jury found the victims in this particular case unsympathetic]." *Nichols v. State*, 281 Ga. 483, 486 (2) (c) (640 SE2d 40) (2007). Compare *Fulton v. State*, 278 Ga. 58, 64 (8) & n. 6 (597 SE2d 396) (2004) (holding to be improper an argument specifically referencing the defendant's dangerousness: "He is a menace to our society. He's like a cancer in the community, and I am asking you to be the surgeons and cut him out."). "It is not improper for a prosecutor to appeal to the jury to convict for the safety of the community, or to stress the need for enforcement of the laws and to impress on the jury its responsibility in that regard." *Davis v. State*, 266 Ga. 801, 804 (8) (471 SE2d 191) (1996). And "the prosecutor's specific statements that neither the location of the crime nor the identity of the victim mattered were not improper, as they impressed

34

upon the jury its responsibility to enforce the law." *Arnold*, 309 Ga. at 580 (2) (c). So trial counsel was not ineffective for failing to object to these arguments. See id.

(e) *Cumulative prejudice.*

Finally, we have considered the cumulative effect of the deficiencies that we either found or pretermitted above in Divisions 6 (c) (iii), 6 (d) (i), and 6 (d) (iii), and do not find that they collectively resulted in harm to Campbell.

*Judgment affirmed. Rickman, P. J., and Senior Appellate Judge Herbert E. Phipps concur in the judgment only.*