314 Ga. 484
FINAL COPY

S22A1236.  WHEELER v. THE STATE.

PETERSON, Presiding Justice.

Eric Wheeler appeals his convictions for murder, aggravated

assault, and other crimes arising from the fatal shooting of Sonya

Corbett and non-fatal shooting of Albert Carter.[1] Wheeler's sole

---

[1] The crimes occurred on April 26, 2003. On January 27, 2004, Wheeler was indicted by a Fulton County grand jury for the malice murder of Corbett (Count 1); three counts of felony murder against Corbett (Counts 2-4); two counts of aggravated assault with a deadly weapon, against Corbett and Carter (Counts 5 and 7); the burglary of Corbett's home (Count 6); two counts of aggravated assault, against Carter and Lakeisha Hicks (Counts 8-9); four counts of possession of a firearm during the commission of a felony (Counts 10 (predicated on the aggravated assault of Corbett), 11 (predicated on the aggravated assault of Carter), 12 (predicated on the aggravated assault of Hicks), and 13 (predicated on the burglary)), and possession of a firearm by a convicted felon (Count 14). Wheeler was tried by a jury. During the trial, Counts 9 and 12, charging crimes involving Hicks, were placed on the dead docket. On May 17, 2004, the jury returned a verdict of guilty as to the remaining counts.

The trial court sentenced Wheeler to life imprisonment on Count 1 and merged Counts 2-4 into it; those felony murder counts in fact were vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 372 (4) (434 SE2d 479) (1993). The trial court purported to both merge Count 5 into Count 1 and impose a 20-year sentence on it. The trial court imposed a 20-year sentence consecutive to Count 1 on Count 6. It imposed a 20-year sentence consecutive to the preceding counts on Count 7 and purported to both merge Count 8 into

enumeration of error on appeal is that the trial court erred in not suppressing evidence of a gun, an empty ammunition box, and bloody clothing that were seized as the result of an allegedly unconstitutional search. But any error was harmless, because Wheeler admitted shooting the victims. We thus affirm his convictions. We have noticed an issue as to two counts that the court purported to merge into other counts but also enter sentences on those same counts; because we cannot resolve that issue definitively

---

Count 7 and also impose a 20-year sentence on Count 8. The trial court imposed 5-year sentences on each of Counts 10, 11, 13, and 14 to run consecutively to all of the preceding counts and to each other, for a total of life in prison plus 60 years.

Wheeler filed a motion for new trial in June 2004 and, after appellate counsel was appointed, amended the motion in February and March 2020. After two evidentiary hearings, the trial court denied the motion on September 27, 2021. Wheeler filed a notice of appeal on October 7, 2021. This Court dismissed the appeal on November 23, 2021, because the two dead-docketed counts remained pending in the trial court. The trial court entered an order of nolle prosequi as to them on December 20, 2021. Wheeler filed another notice of appeal on January 10, 2022. The case was docketed to this Court's April 2022 term. But because the trial court had denied Wheeler's motion for new trial before the judgment was final, on June 1, 2022, we vacated that denial, again dismissed Wheeler's appeal, and remanded the case to the trial court with direction to enter an order on the pending motion for new trial. On July 5, 2022, the trial court entered an order denying Wheeler's motion for new trial, at which point the January 10 notice of appeal ripened. The case was re-docketed, this time to the Court's August 2022 term, and submitted for a decision on the briefs.

on the record before us, we vacate the merger of and sentences on those counts and remand for further proceedings.

The trial evidence showed that Wheeler was Corbett's abusive romantic partner. Following a violent incident on April 4, 2003, Corbett ended their relationship. Because Corbett remained afraid of Wheeler, family members often stayed at her home.

On the night of Corbett's murder, Carter — Corbett's cousin — and Carter's romantic partner, Lakeisha Hicks, were at Corbett's home and were in an upstairs bedroom when Hicks heard several large "booms." Hicks told Carter to get out of bed, at which point they heard Wheeler threaten Corbett and yell, "I'm going to kill all of you all." When Hicks heard someone running up the stairs, she leapt from a second-story window, breaking her feet in the fall. Meanwhile, Carter saw Wheeler carrying Corbett up the stairs. Wheeler started shooting at Carter, hitting Carter in the leg as Carter also jumped out of the window.

Wheeler testified at trial and admitted that he shot Corbett repeatedly, pausing between firing to berate her about how it was

3

her fault he was shooting her. Corbett suffered three gunshot wounds and died. As Wheeler drove away from the home, he shot the fleeing Carter five times from behind.

Wheeler claimed in this trial testimony that he had become angry and kicked the door in after Corbett refused him entry. He testified that Corbett pointed a gun at him while Carter brandished a knife. Wheeler claimed that he and Corbett scuffled and he took the gun from her. He testified that he shot Carter because Carter was urging Corbett to kill him. By the time he shot Corbett, Wheeler said, he had "lost it."

While police were searching for Wheeler following Corbett's death, a detective contacted Wheeler's sister, who directed police to the apartment of Tamara Burley, one of Wheeler's girlfriends. When police arrived, Burley ran to them, saying, "He's in there. Get him out." Five minutes later, Wheeler exited; police ordered him onto the ground and handcuffed him. Burley gave police consent to search her apartment, and during the search, police recovered a 9mm handgun in a fireplace, an empty box of 9mm ammunition, and a

4

black garbage bag containing blood-stained clothing. Police did not obtain consent for the search from Wheeler, who had been placed in the back of a police vehicle.

Prior to trial, Wheeler filed a motion to suppress this evidence. The trial court held a hearing midtrial, outside the jury's presence. According to police testimony, after Wheeler was taken into custody, Burley signed a consent form authorizing officers to search her apartment. Police testified that Burley told them she was "the legal resident" of the home, and that although Wheeler had lived there previously and refused to return his key, she had kicked him out months ago and removed all of his belongings. But Burley testified in the hearing that at the time of the search, Wheeler still lived in the apartment, paid rent, had a key, and kept clothing there.

Wheeler argued that he had an expectation of privacy in the apartment, especially in the bag containing his bloody clothing. He argued that Burley's consent without his own was insufficient to authorize the entire search at issue under *Georgia v. Randolph*, 547 U.S. 103 (126 SCt 1515, 164 LE2d 208) (2006). See id. at 106 ("[I]n

5

the circumstances here at issue, a physically present co-occupant's stated refusal to permit entry prevails, rendering the warrantless search unreasonable and invalid as to him."). The trial court denied Wheeler's motion, and the evidence was admitted.

1. On appeal, Wheeler challenges the trial court's denial of the motion to suppress. We need not decide whether the trial court erred, as Wheeler's admission that he shot Corbett and Carter rendered any error harmless.

Only harmful evidentiary errors warrant reversal. See OCGA § 24-1-103 (a) ("Error shall not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected . . . ."). In determining the harmlessness of non-constitutional error, we must decide "whether it is highly probable" that it "did not contribute to the verdict." *Timmons v. State*, 302 Ga. 464, 470 (2) (b) (807 SE2d 363) (2017) (citation and punctuation omitted). To do so, we review the record de novo and "weigh the evidence as we would expect reasonable jurors to have done so." *Peoples v. State*, 295 Ga. 44, 55 (4) (c) (757 SE2d 646) (2014) (citation

6

and punctuation omitted).

Wheeler argues that "absent the gun and the bloody clothes, there was no physical evidence tying him to the murder." But physical evidence tying Wheeler to the crimes would have been merely cumulative of his admission that he shot the victims. And the evidence Wheeler sought to suppress had no bearing on his claim that he shot the victims in self-defense, and thus it is highly probable that its admission did not contribute to the verdicts. Any error in admitting the evidence was therefore harmless.

2.     Although not raised by the parties on the appeal, the trial court's sentencing orders reflect that Counts 5 and 8 were merged into other counts, but also had 20-year sentences imposed on each of them. If merger as to either of those counts was proper, the sentence on that count would be void. See *Nazario v. State*, 293 Ga. 480, 480 (746 SE2d 109) (2013) ("A conviction that merges with another conviction is void — a nullity — and a sentence imposed on such a void conviction is illegal and will be vacated if noticed by this Court . . . ."). But neither Count 5 nor Count 8 merged as a matter of law;

7

if merger was appropriate, it would be as a matter of fact. See *Miller v. State*, 309 Ga. 549, 552 (3) (847 SE2d 344) (2020) (When there is "no evidence to suggest the occurrence of an aggravated assault independent of the act which caused the victim's death," a jury's guilty verdict on the aggravated assault merges as a matter of fact with the malice murder verdict for sentencing purposes. (citation and punctuation omitted)); *State v. Owens*, 312 Ga. 212, 224 (6) (862 SE2d 125) (2021) ("The aggravated assault convictions do not merge under the circumstances of this case."). And the trial court made no findings on that point, so we cannot determine whether merger was proper. What is clear is that Counts 5 and 8 may not merge into other counts and simultaneously have a 20-year sentence imposed on them. Accordingly, we vacate both the merger of and the sentences on Counts 5 and 8 and remand for the trial court to determine the appropriate dispositions.

*Judgment affirmed in part and vacated in part, and case remanded. All the Justices concur.*

Decided August 23, 2022.

Murder. Fulton Superior Court. Before Judge Brasher.

*The Hames Law Firm, Adam M. Hames*, for appellant.

*Fani T. Willis, District Attorney, Lyndsey H. Rudder, Kevin C. Armstrong, Elizabeth Rosenwasser, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Eric C. Peters, Assistant Attorney General*, for appellee.